## SURROGATE'S COURT.

IN THE MATTER OF THE PROBATE OF THE LAST WILL AND
TESTAMENT OF FREDERICK ROLLWAGEN, DECEASED.

*Petition by the wife of an heir at law to be made a party to proceedings to*
*contest the probate of a will.*

The wife of an heir at law upon petition showing that herself and husband
had not lived together for a number of years; that ill feeling existed
between them; that she gave him no cause for separation or desertion
from her, and that her husband had not personally attended for the pur-
pose of contesting the probate of his deceased father's will, who had
recently died leaving a large estate; that there were good grounds of
such contest, and asked permission, in her own behalf separately to
oppose the admission of the will in order to protect her *inchoate right of*
*dower :*

*Held*, that no case could be found, at least none reported, in which a wife's
inchoate right of dower was determined as the sole ground of her right
to apply for probate of a will under which her husband was a devisee or
as the sole ground for permitting a contest of a will by her alone, in
order to establish intestacy in case of no opposition to probate from her
husband.

In this case, however, the husband with other sons of the deceased
appeared by counsel and made a vigorous contest to the probate of the
will.

*City and County of New York, December 19th, 1873.*

PETITION by the wife of an heir at law to be made a party
to the proceedings to contest the last will and testament, and
to be represented by counsel.

The petition set forth that the petitioner, Emily S. Roll-
wagen, was the wife of George D. Rollwagen, who was a son
and one of the heirs at law of Frederick Rollwagen, deceased;
that previous to the death of his father, about September

11th, 1872, for reasons unknown to the petitioner, her husband left the city of New York and separated from her, hearing from him at very rare intervals; although since his departure she had borne a son to him, which lived about eight months, and died without seeing its father; that the father of her husband died about October 11th, 1873, seized and possessed of real estate, in the city of New York, of the value of about $1,000,000 and leaving an alleged will which had been offered for probate, and proceedings had been instituted therein to contest the probate by some of the heirs.

The petition further set forth that she had not seen or heard from her husband since the death of his father, and that her husband had not attended personally before the surrogate's court when the will of his father was offered for probate, or at any proceedings connected therewith; that she was advised by her counsel and believed that said will was invalid and contrary to law in a very vital and essential particular; and in the event of refusal to probate said alleged will, she is entitled by law to an *inchoate* right of dower in the estate of her husband, as one of the heirs at law, and is, therefore, directly interested in opposing the probate of the alleged will, and having the same rejected by the court.

The petition prayed that she may be made a party to the proceedings, and may be represented by counsel in the surrogate's court; that her rights in the said estate may be properly taken charge of, and that an order may be entered accordingly.

The husband appeared in court and answered this petition by his affidavit objecting to having his wife brought in as a party contestant, or represented by counsel; that he had always been, and now was, represented by *Henry L. Clinton* and *George F. Langbein, Esqrs.*, his attorneys and counsel in the contest against said alleged will; that he proposed, as far as his wife was concerned, to attend to his own legal affairs, and denied the right, or the necessity for her to be a party, or to be represented by counsel in said contest. He then

In the Matter of Rollwagen.

answered the petition by stating he had reasons for his departure from New York city, which was known to the petitioner ; that he requested her to live with him in the home he should provide.for her, and she declined to leave her parents' home ; that upon his return to New York city he called upon his wife, but was not allowed to see her except in the presence of her mother ; that while sick at his brother's house he sent for his wife, but her mother came with her ; that subsequently he again asked his wife to live with him and she agreed to do so, provided he executed a paper agreeing to support her, to which he, of course, assented ; thereupon, on December 1st, 1873, the wife brought two indentures in writing called " deeds, bargain and sale," in and by which, in consideration of one dollar, he was to convey to a third person, and the third person to the wife, one-third part of the real and personal estate, and, also, one-third part of the rents of the real and personal estate to which he might be entitled by the decease of his father, or by the alleged will, or otherwise ; upon the husband refusing to sign these documents the wife said nothing else would do, and bade him good-bye forever.

The affidavit of the husband was fortified by the affidavit of his two brothers, each swearing they are contesting the will upon the law and the facts ; and that every effort that could .lawfully be made would be made to have the will and codicil declared invalid, and probate of the same refused. ·

*Messrs. Adriance & Wood & Ira Shafer, Esq.*, counsel for the petitioner, made and argued the following points :

I. " Whenever a person comes forward to oppose the probate of a will, he is bound to state his interest in the question with a sufficient *certainty* to enable the court to decide, whether if the allegation is sustained by proof, it will support his claim " (*Norton* agt. *Watts*, 1 *Paige R.*, 348, 382, 383).

II. "Any person who has an interest in establishing the will, and who would be precluded if the decision was against

its validity, has an unquestioned right to intervene, and thus make himself a party to the proceeding, if he is unwilling to trust the question of his rights to the party by whom such proceedings were instituted. * * * But in either case they must come in by petition in the proper form, and make themselves parties to the proceedings, before they can be permitted to take any part therein" (*Foster* agt. *Tyler*, 7 *Paige R.*, 48, 51, 52).

III. "A legatee under a will made prior to the one offered for probate, who is neither heir at law or next of kin of the deceased, may intervene to oppose the probate of the subsequent will" (*Terhune* agt. *Brookfield*, 5 *N. Y. Sur.* [1 *Red.*], 220).

IV. " The legatee has sufficient interest to entitle her to intervene to oppose the probate of the will offered. On proceedings for probate of a will, a claim of interest, positively sworn to, will make the claimant a contestant before the courts and a party to the proceedings" (*Norton* agt. *Lawrence*, 5 *N. Y. Sur.* [1 *Red.*], 473 ; *Dayton on Surrogates*, 159).

It was held in 8 *Barbour*, in the case of *Denton* agt. *Manning*, 618, " surplus moneys upon mortgage sales are in court for the use of defendants and such other persons as may be entitled thereto." Where a wife joins a husband in executing a mortgage upon his lands which contains the usual power of sale, and in the event of a sale the surplus is expressly reserved to be paid to the mortgagors, the wife has a right to have the residuum of the subject mortgaged, not required to satisfy the mortgage debt, whether it exists in lands unsold, or in the proceeds of land sold under the decree of foreclosure, so appropriated as to secure her her dower in case she survives her husband."

" And where there are surplus moneys in court arising from the sale of the mortgaged premises, she is entitled as against judgment creditors to have one-third of the amount invested for her benefit, and kept invested during the joint lives of herself and her husband and during her own life, in case of

her surviving her husband as and for her dower in such surplus moneys."

In *Varties* agt. *Underwood* (18 *Barb.*, 561), it was held that "The wife's inchoate right of dower in the husband's lands follows the surplus moneys raised by a sale in virtue of the power of sale, in a mortgage executed by her with her husband, and will be protected against claims of the husband's creditors, by directing one-third of such surplus moneys to be invested, and the interest only to be paid to the creditors during the joint lives of husband and wife." And see *Matthew* agt. *Duryea* (4 *Keyes*, 525).

*Messrs. George F. Langbein*, proctor for George D. Rollwagen and Frederick Rollwagen, Jr.; *William H. Newschaffer*, proctor for Louis P. Rollwagen, and *Henry L. Hilton, Esq.*, of counsel, made and argued the following :

I. That, in the case of *Norton* agt. *Watts* (1 *Paige*, 347) cited by petitioner, it was held that a person who opposes the probate of a will must make it appear that he is a party in interest, within the meaning of the law ; that Norton, who claimed to have an interest in point of law, had none, and was not entitled to be heard. The chancellor, at page 383, says : " But in looking into the testimony as to the interest of Norton, there is no pretense that he is the next of kin to John L. Leake. He was his relation by affinity, but not by consanguinity." * * * " It must also be declared that the decedent died intestate ; that John L. Norton, the appellant, is not his next of kin, is not interested in his personal estate, and is not entitled to administration."

In the case of *Foster* agt. *Tyler* (7 *Paige*, 48), cited by petitioner, it was held that a party in interest who claims to come in as an intervener, either in the court below or in the appellate court, must apply by petition to be made a party to the proceedings before he can be permitted to take a part therein. In this case it was held that the husband, whose wives were next of kin, had no standing in court. The chan-

cellor, page 52, says: "The appeal in this case is by the husbands of two of the daughters of the testator, in their own names only as appellants, and not by them, and their wives in the right of the latter." * * * "And if the husbands are to be considered as parties to the appeal, they were only such parties in right of their wives, as two of the next of kin of the testator. Their wives, therefore, should have been joined with them as appellants in this court, in order to represent the same interests here."

This decision was rendered in 1838 ; at that time husbands were entitled, during their lives, to all the personal property of their wives, and to the rents, issues and profits of their real estate, yet it was held that they could not appear as parties on their own account, or in any other way than as joint with their wives."

II. That the wife had no vested right until the death of the husband, and that she had no *present* interest whatsoever.

III. That the husband was represented, and if she had any interest it was through the husband, and as he was represented, she was represented.

IV. That the surrogate had no discretion in the matter ; that it was a most dangerous precedent ; that to allow the petition would entitle the grandchildren to claim representation, and the wives, respectively, of all male heirs, or of any male having any present legal interest in the estate ; it would throw doors open to all possible collateral issues, and there would be no stopping point.

*Malcolm Campbell, Esq.*, proctor for the seven grandchildren of the decedent, named Browning, contended that, in the supreme court, the wife could not be a party without the dower having vested in such a case ; and that the surrogate had held, in the *McCunn will case*, that he had no power to let in collateral interests.

*Arnoux, Ritch & Woodward*, proctors for Magdalena Rollwagen, executrix, Henry Hermann and George Hermann,

executors under the alleged will, *William Henry Arnoux, Esq.*, of counsel, argued :

I. That the surrogate had no discretion in the matter ; and if he had, the petition should not be granted.

II. That no objection to the will and codicil had yet been filed, and the husband could turn about and ask that the will be probated, and his wife could not prevent him, or it being done ; that if deceased had given $100,000 in cash to the husband, and had $500,000 in real estate at time of his death, and the husband was satisfied with the cash, the wife could not come and say she would only be satisfied with dower.

*David R. Jacques, Esq.*, proctor for an infant child, Magdalena Rollwagen, " the younger," also protested against the granting of the petition.

·ROBERT C. HUTCHINGS, *Surrogate.*— The wife of the heir at law of the decedent, applies to be made a party to the proceedings or for leave to intervene by her own separate counsel, to oppose the probate in question.   Her petition is dated the twenty-second of November, and states that over a year ago, her husband, a son of the decedent, for reasons unknown to herself, left her and went to California, where, so far as she knew and believed, he had remained, and still was ; hearing from him very rarely, although she had, since his departure, given birth to a child to him, that lived only eight months, and whom the father had not ever seen ; and the petition refers to the existence of disagreement and ill feeling between herself and husband before he went away ; but denies that they were of such nature as to give him cause for separation or desertion.

On such grounds, with the further allegation that her husband had not personally attended for the purpose of contesting this probate, and that she is advised and believes that there are good grounds of contest ; she asks permission in her her own behalf, separately to oppose the admission of the will, in order to protect her *inchoate right of dower*.   It is

not claimed by the petitioner's counsel that she is a *necessary* party to the proceedings; and it is only the discretionary power of the court that is invoked.

The statutes give no express right to any others to appear and contest the probate of a will, than the *heirs* and *next of kin* and *widow*, if one survives; for the reason that no others can be interested in defeating the probate, and they as being entitled to the estate, in case of *intestacy*. Yet persons, claiming as legatees under a will of earlier or later date, may intervene to contest; but it is because the statutes provide, that any *executor*, *devisee* or legatee named in a will, or any person interested in the estate may have such will proved, and the inquiry is *which* of the two instruments is the *last will?* The court, in that case, directs the proper application to be made, or other forms of proceedings, in order that there may be an effectual determination, as between the conflicting papers presented as the last will.

But the *persons interested* in the estate as proponents, other than *devisees* or *legatees*, should have a direct interest, such as creditors and the like. I think no case can be found, at least I have found none reported, in which a wife's *inchoate right of dower* was determined as the *sole* ground of her right *to apply* for probate of a will, under which her husband was a *devisee*, or as the *sole* ground for permitting a contest of a will by her alone, in order to establish intestacy in case of no opposition to probate from her husband.

Yet, if the application under *consideration* be granted, it appears to me that it would be a precedent that would require the allowance of that sort of contest and which would certainly appear at first, anomalous to every legal mind, if not evidently inadmissible. If the relief sought for is not sustainable, or demanded by a wise judicial discretion in that *extreme* case where the husband and all other heirs at law make *default*, and if the wife's petition so to contest is not a legal right, which is not claimed, how much less would such permission be required or justified where *other heirs* at

In the Matter of Rollwagen.

law of the same degree of relationship to the testator as her husband, do contest by able and experienced counsel, and there is therefore no evidence that the contest is not already in safe hands, and no proof that any assistance of facts or other means, at petitioners command, tending to invalidate the testamentary will not or may not, be as available through the other contestants as if presented by her own counsel ?

But in this case it now, on the hearing of this application, appears that the husband of petitioner has returned from California, and 'is now in personal attendance, and is also represented by counsel who contest on his behalf, as well as for the other sons of the decedent; and there is no evidence to satisfy me that the husband will not, in co-operation with the other sons, do all that is practicable, or that the alleged inchoate interest of petitioner in the right of her husband, will not be faithfully and properly protected.

Even, however, if the husband of petitioner had not appeared personally and by counsel to contest the probate, I should feel constrained to deny the leave asked as not required by a sound discretion under the circumstances of this case; and I am not able, at present, to convince myself of the propriety of such intervention in any case, even where there is a *separation* of husband and wife, but without the sanction of a divorce or of some judicial act decreeing or allowing it, or the pending of legal proceedings for that purpose.

The mere fact that a woman is living apart from her husband does not entitle her in an action to answer separately (*Gray* agt. *Whittington*, 5 *Beavan*, 270; *Barry* agt. *Woodham*, 1 *Y. & Col.*, 538).

And even in cases where the wife is a necessary party in equity proceedings to foreclose a mortgage, it was held in *Lathrop* agt. *Heacock* (4 *Lansing R.*, *p.* 1, 1871), that in such a proceeding, affecting the husband's real property only, he was *authorized* and *required* to have an appearance entered for his wife upon service on him *alone* and *without* authority from her.

In that case the wife, after her widowhood, sued to redeem

premises from sale under judgment of foreclosure, and the court held that she was barred; that the appearance in the foreclosure was regular, though she never authorized it; that the action did not concern her separate estate; that all the interest she then had was an inchoate right of dower; that it was the husband's *right* and his *duty* to employ an attorney to appear for her, and *she was bound by it;* that in law it was an appearance by her authority, to all intents and purposes, *that the act of the husband in employing an attorney to appear for her in such a case, was her act;* and so it had always been held (2 *John. Ch.*, 130 ; 11 *How. Pr. R.*, 42); that the service of the process upon the husband alone was in law a good service upon her; that they were one person in law, except as to her *separate* estate; that had the action concerned her separate estate, it would have been different, and that in such a case the husband had no right to appear for the wife. The reasoning of that case may be usefully applied to such a probate proceeding as this, on the question of a separate appearance.

Besides, it is obvious that the precedent, should the leave asked for be granted, would be a dangerous one, as tending to encourage contentious cases of probate; also to increase delays and expense, and might aggravate and bring uselessly before the probate tribunals, domestic discords and conflict, if husband and wife were thus represented by different counsel.

If the inchoate right of dower of a wife in her husband's real estate were a vested or separate estate in the land, the case would, of course, be essentially different, but her right in her husband's lifetime, as to his real estate, is too uncertain to be treated in any such important sense *separate*, as to be distinguishable from his interest as an heir at law, when he is duly cited to appear upon probate. The right of dower before the death of the husband, says a distinguished jurist, " is not only an inchoate right not transmissible to her heirs, nor during the life of her husband, can she give it any form of *property* to her advantage. So long as the husband shall live, it is only a right in legal contemplation, depending upon

the good conduct of the wife and the death of the husband, and, like all rights which are contingent, may never become vested (McLean, *justice, Johnston* agt. *Van Dyke*, 6 *McLean Reports*, 422). Similar language is employed by the court in the case of *Moore* agt. *City of New York* (4 *Selden*, 110; 4 *Sandford Superior Court R.*, 456). It is there said that the inchoate interest of the wife is a right to a claim for dower, contingent upon her surviving her husband. Such a *possibility* may be released, but it is not, in any sense, an interest in real estate. It is not, of itself, property the value of which may be estimated, but an inchoate right, which, on the happening of certain events, may be consummated so as to entitle the widow to demand and receive a freehold estate in the lands.

From the uncertain and contingent character, therefore, of an inchoate right of dower, taken in connection with the facts referred to as showing that the interests of the petition are not in jeopardy, I deem it my duty to decline to exercise the discretion of permitting her to intervene as a contestant separately from her husband, especially in the absence of statutory provisions on the subject.

In England there is an express statutory enactment (*see* 61 *of the Court of Probate Act*, 1857) that, when proceedings are taken for proving a will in solemn form, revoking the probate of a will on account of its invalidity as to real estate, the heirs at law, devisees or other persons having or pretending to have an interest in the *realty* shall be cited or summoned *in like* manner as the next of kin, or other having or pretending to have an interest in the *personalty*, and may be permitted to become parties, or to intervene for their respective interests in such real estate, subject to the rules and orders under said act, and to the *discretion of the court*.

The question is a novel and interesting one; and, even if I have the power in my discretion to allow such a contest by the wife of an heir at law, separately from himself, in any case, the facts do not, in my judgment, warrant it in this; and the petition for leave so to appear, &c., is denied.