WILLIAM T. JONES, Trustee, etc., v. CORNELIA S. HOGAN, Appellant.

**Division One, April 1, 1908.**

1. **APPELLATE JURISDICTION: Title to Real Estate.** Title to real estate is not involved within the meaning of that part of the Constitution defining the appellate jurisdiction of the Supreme Court, unless the judgment itself affects the title.

2. ————: ————: **Deed to Defraud Creditors: Lien on Land.** Where plaintiff brought suit, alleging that an insolvent debtor had with money concealed from his creditors bought real estate and to defraud his creditors placed the title in his wife, and praying that the defendant wife be adjudged as holding the title as trustee for her husband's creditors, and the court by its judgment decreed the title to be in her, and decreed a lien against the property in favor of plaintiff in the sum of $2,188.20, and plaintiff does not appeal, title to real estate is no longer involved, but the only issue that remains is whether or not plaintiff is entitled to his lien.

Appeal from St. Louis City Circuit Court.—*Hon. Jno. W. McElhinney,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Judson & Green* for appellant.

*Bernard Greensfelder* for respondent.

VALLIANT, P. J.—Plaintiff is the trustee in bankruptcy of the estate of Robert G. Hogan who filed a voluntary petition in bankruptcy September 15, 1903. The defendant Cornelia S. Hogan is the wife of Robert G. Hogan. The petition alleges that the legal title to certain real estate, being a residence in St. Louis county particularly described, stands on the records in the name of the defendant; that the defendant paid no part of the purchase price of the property; that as much of it as has been paid was paid by her husband Robert G. Hogan while he was insolvent, and she knew it, and it was paid with money concealed by him from his creditors and for the purpose of hindering, delaying and defrauding them. The prayer of the petition is that the taking of the title in the name of the defendant be adjudged to be fraudulent and void as against the plaintiff, that the defendant be declared as holding the title as trustee for her husband, and that the title be vested in the plaintiff as trustee in bankruptcy and for general relief. The answer put in issue the averments relating to the alleged fraud, etc., and asserted title in defendant.

The cause came on for trial on the pleadings and proof and at the request of the plaintiff the chancellor made and filed findings of the facts and rendered a decree thereupon. The decree as originally rendered was that an undivided twenty-two fiftieths of the real estate belonged to Robert G. Hogan at the time of the filing of his petition in bankruptcy, and the rest, that is, twenty-eight fiftieths, belonged to the defendant; therefore the twenty-two fiftieths was by the decree taken from the defendant and vested in the plaintiff as trustee in bankruptcy. There were motions for a new trial filed by both parties, which were continued until the next term, and when they came on to be heard the court modified the original decree so that instead of divesting the defendant of any of the legal

title or vesting any of it in the plaintiff, the whole title was decreed to be in the defendant subject to a lien in favor of the plaintiff for $2,188.20, the aggregate of sums found by the court to have been paid by Robert G. Hogan in fraud of his creditors, for interest, taxes, repairs, etc., in keeping down the incumbrance on the property, and that the lien be enforced by sale of the property in the manner prescribed by law for the sale of real estate under execution. The court then over-ruled the motions for a new trial and the defendant alone appealed. The appeal came to this court pre-sumably on the theory that title to real estate was involved.

Title to real estate is not involved in this case. True the petition attacks the defendant's title and prays that it be taken from her and vested in the plain-tiff, but the decree as finally rendered leaves the title vested in the defendant just as the court found it, and it only imposes a lien on the property in favor of the plaintiff. The plaintiff has not appealed from that decree and the defendant does not question it in that respect; the title is, therefore, as between these parties finally adjudicated and there is no dispute about it. Title to real estate is not involved within the meaning of the Constitution that defines the juris-diction of this court unless the judgment itself affects the title. [Edwards v. Railroad, 148 Mo. 513; Price v. Blankenship, 144 Mo. 203; Rothrock v. Lumber Co., 146 Mo. 57; Barber Asphalt Pav. Co. v. Hezel, 138 Mo. 228.]

Plaintiff in his petition claimed the right to have the title vested in him and that was one of the issues in the case, but the judgment of the trial court on that issue was against him and he did not appeal. In his petition the plaintiff also stated facts which the trial court thought were sufficient to entitle him to a lien on the land to a certain amount and so it was

decreed and from that decree the defendant appealed. Whether or not the plaintiff is entitled to such lien is the only issue now in the case.

The cause is transferred to the St. Louis Court of Appeals.

All concur.