# WALTER J. BRANNOCK v. JAMES N. MAGOON, LYDIA E. MAGOON and VAN F. BOOR, Trustee, Appellants.

### Division One, February 25, 1909.

1. **APPELLATE JURISDICTION: Title to Real Estate: To Declare a Trust.** A petition asking that a resulting trust in realty be declared, and that the title be decreed out of defendants and into plaintiff, involves title to real estate. But it is the judgment that is appealed from, and if the petition proceeds on the theory that other money than the trust fund was invested in the property, and asks that the amount of the trust fund be ascertained and a lien for the amount be decreed against the realty, and the judgment finds defendants to be indebted in a monetary sum less than $4,500, and decrees a lien on the land for that sum and directs it to be sold to satisfy that indebtedness, but does not decree the title out of them, it does not involve title to real estate, and the appeal is to the Court of Appeals. The lien can be discharged by a cash payment at any time before sale.

2. ——: ——: ——: **Inchoate Dower.** Inchoate dower is not title to real estate so as to confer jurisdiction of the appeal on the Supreme Court from a judgment decreeing that a wife, in case of a sale of land to satisfy a lien, shall be forever barred from claiming dower therein. So that where the judgment finds that certain moneys belonging to plaintiff were used to purchase a lot, and that the title was taken in a husband, and decreed a lien against the lot in favor of plaintiff against both the husband and his wife, and directed the sale of the lot to satisfy the lien, and decreed that from and after said sale the wife be forever barred and foreclosed from claiming dower therein, the judgment does not involve title to real estate.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*G. B. Silverman* for appellants.

*L. W. Byram* and *Webster, Gilmer & Crowley* for respondent.

GRAVES, J.—This case comes here upon an opinion of the Kansas City Court of Appeals to the effect that title to real estate is involved. The petition is one asking for the declaration of a resulting trust in realty, and in this the title to real estate is involved, provided that it asks that the title be decreed out of one person and into another. The judgment, however, is not so broad as the petition, and it is from the judgment the appeal is taken. The pleadings and facts can to a certain extent be stated together. Walter J. Brannock is the son of Lydia E. (Brannock) Magoon. Prior to her marriage to James N. Magoon, but on the day of said marriage, she executed a deed to her brother-in-law, Robert F. Stevenson, whereby she conveyed certain property, both real and personal, in trust. The personal property consisted of two promissory notes, one for $700 and one for $2,000. The real estate mentioned in said deed it is not necessary to discuss because not included in the petition in this case. After the execution of this deed in trust, it is pleaded, and from the evidence appears, that Mrs. Magoon, who had never turned over the note under the terms of her deed to the trustee, sold the $2,000 note, realizing the sum of $1,700. The note sold for $1,927.50 and presumably the difference went to the agent negotiating the sale. In the petition it is charged that this $1,700, she, with a design to defraud the remaindermen (of whom plaintiff is one) under her previous deed in trust, turned over to her then husband James N. Magoon, and that he invested it in certain property in Kansas City, particularly described in the petition, and against which the purpose of the petition and this suit was to establish a resulting trust.

In the petition the note said to be in controversy is thus described: "One promissory note for the sum of two thousand dollars, executed by Simon R. Green to H. F. McElroy, dated January 2, 1899, and due

five years after its date, with interest at six per cent per annum, which said note was executed to said Mc-Elroy for convenience for the benefit of said Lydia E. Brannock, and was by him indorsed and delivered to her immediately after the execution of the same. Said note being the same note described in said deed as being executed by Simon R. Green to Lydia E. Brannock or order.''

In the deed to the trustee the note is thus described: ''One promissory note for the sum of two thousand and no-100 dollars, executed by Simon R. Green to Lydia E. Brannock or order, dated January 2, 1899, due five years after date with interest at the rate of six per cent per annum.''

Under the evidence the note sold was the one described in the petition and not the one described in the written conveyance.

Stevenson, refusing to act, was by decree of court supplanted as trustee by the defendant Van F. Boor. There was evidence tending to show that Magoon had no money of his own to invest in the property described in the petition. On the other hand there is evidence that he did invest his own funds therein.

The deed to Stevenson was made on the day Mrs. Brannock married Magoon. Shortly thereafter the Magoons brought suit to set aside this deed in trust on the ground that it was without consideration and was fraudulently procured. Upon trial of the issue the judgment of the circuit court sustained the validity of the deed, and that judgment is now in full force, no appeal having been taken. In the present case the two Magoons testify that no part of the money realized from the sale of the $2,000 note went into the property sought to be charged with a resulting trust. On the other hand it is shown that Dr. Magoon, for it appears that James N. Magoon, was, in a way, at least, a doctor, had no property, and so admitted. The amount of money invested in the property in

dispute is estimated from about $2,200 to $2,600. After the first suit, the $700 note was turned over to the trustee, Van F. Boor, and he reloaned $375 of it to Dr. Magoon, taking as security a deed of trust on a part of the property in dispute. The trustee refused to bring this suit, and this remainderman did, and all necessary parties were brought in as defendants, including the trustee Boor. After a lengthy detail of findings and facts the judgment of the trial court concludes thus:

"Wherefore, it is by the court considered, ordered and adjudged and decreed that the defendant, Van F. Boor, as such trustee, do have and recover of and from the defendant, Lydia E. Magoon, the sum of two thousand dollars, and that he have and recover of and from the said defendant James N. Magoon, the sum of nineteen hundred and twenty-seven dollars and fifty cents, such judgment to bear interest at the rate of six per cent per annum; and that plaintiff have and recover of and from said defendants, James N. Magoon, and Lydia E. Magoon, all his costs in this behalf expended; that special execution issue to the sheriff of Jackson county, Missouri, directing him to sell lots fifty-two and fifty-three in Cecil Heights and lots eighteen, nineteen and twenty, block six in Clifton Heights, both being additions to Kansas City, Jackson county, Missouri, in the manner prescribed by law, and out of the proceeds of such sale pay, first, the costs of such sale, second, the costs of this suit, third, the amount found to be due as aforesaid, from the defendant, James N. Magoon, to defendant Van F. Boor, as such trustee, and that the balance, if any, be paid to the defendant, James N. Magoon; and that from and after such sale the said defendants, James N. Magoon and Lydia E. Magoon, be forever barred and foreclosed of and from any and all right, title, estate, interest or equity of redemption in and to said real estate or any part thereof, and more especially

that the said Lydia E. Magoon be forever barred and foreclosed of and from claiming any right, title or interest in said real estate or any part thereof by way of dower or other marital right; whereof let execution issue."

From this judgment, defendants appeal.

This sufficiently states the case for the present.

It will be noticed that there is a discrepancy in the description of the notes described in the deed of conveyance and not shown to have been sold and converted. But as we look at it, the question of our jurisdiction comes first. In the ordinary action to declare a resulting trust, title to real estate is involved— that is to say, where the petition asks that by reason of a resulting trust the title to real estate be decreed out of one person and decreed to be in another. The petition in this case does not so proceed. The pleader seemed to realize that there was more money in the property than the money belonging to the alleged trust fund, so that the pleader only asked that the alleged trust fund be made a lien upon the property. After pleading all the facts the petition concludes:

"Wherefore, plaintiff prays that said property purchased by the said James N. Magoon as aforesaid, together with the houses erected thereon as aforesaid be charged with the trust of seventeen hundred dollars in favor of the said defendant, Van F. Boor, trustee, as aforesaid, as a first lien on said property, and that said property be sold to satisfy and discharge said trust, and that the court fix and allow the plaintiff a reasonable attorney's fee for the prosecution of this action, and that such fee be paid out of such trust fund, and that said Van F. Boor, as such trustee, have and receive judgment against the said James N. Magoon for $1,700 with interest at six per cent from May 8, 1901, and against the said Lydia E. Magoon for $2,000 with interest thereon at six per cent from

May 8, 1901, and that plaintiff have such other proper relief as may be just and equitable.''

The judgment we have quoted. That judgment up to a certain point does not disturb the title in Magoon. In fact it recognizes the title to be in him, and only creates a lien thereon, which lien could be discharged, and the title therein left intact. Thus far the title to real estate is not involved, for the reason that the lien can be discharged by a cash payment at any time before sale.

We must look to the judgment in the case to determine our jurisdiction. If the judgment is such as to involve the title of real estate, then we should assume jurisdiction, but if not, we should not assume jurisdiction. [Jones, Trustee, v. Hogan, 211 Mo. 45.]

The only thing in this judgment which lends color to the idea that title to real estate is involved is the latter clause thereof which bars Mrs. Magoon's inchoate right of dower. Remembering that plaintiff only asks for a lien and further remembering that the judgment, up to this last clause, only decrees a lien, we are brought face to face with the proposition as to whether or not inchoate dower is title to real estate within the terms of our Constitutional provision, so as to confer jurisdiction on this court. If it is, we should hear this case; if not, it should have been determined by the Kansas City Court of Appeals.

What, then, is inchoate dower? Of this right in the wife 14 Cyc. 925-6 says: ''An inchoate dower right is not an estate; nor is it an interest in real estate. It is, however, a substantial right, possessing in contemplation of law many incidents of property to be estimated and valued as such.''

This right or interest of the wife is thus defined in Tiedeman on Real Property (3 Ed.), sec. 85: ''During coverture, her interest, though an incumbrance, is but an inchoate right, which she can neither assign, release, nor extinguish, except by joining in the deed

of her husband, as explained later on. It cannot at this stage be considered even a chose in action; and it is not affected by any adverse possession until the death of the husband, when her right of action accrues and the statute of limitation begins to run against her; although such possession is sufficient to bar the husband's interest in the land. Upon the death of the husband, the wife surviving, the right becomes consummate; it is then a chose in action which entitles her to have certain of her husband's lands set out to her. She has not yet an estate, simply a consummate right to an estate, which she can assign in equity, and release at common law to one in possession, but which was incapable of assignment at common law, like all other choses in action. It only becomes an estate in the lands, when it has been set out to her. The act of setting out the dower is called the assignment of dower. From this time on, she has a life estate, with all the rights, incidents, and disabilities, which pertain to that class of estates.''

In 1 Washburn on Real Property (6 Ed.), sec. 360, the right is thus defined: ''Until the husband's death the right of dower is inchoate. This inchoate right of dower is not an estate, and it is therefore subject, during coverture, to be altered or abolished.''

Again, in Blain v. Harrison, 11 Ill. l. c. 385, we find this language: ''The right of dower in a married woman is a mere intangible, inchoate, contingent expectancy, and even in a widow, until it is assigned, it is no estate in the land, but it is a right resting in action only, and it cannot be aliened.''

The same court later, in Heisen v. Heisen, 145 Ill. 658, said: ''The right of dower in a wife is an inchoate expectancy during coverture, maturing upon the death of the husband into a right of action, to have admeasured to her dower in the lands of which he had been seized, and to which her dower had not been released. After the death of the husband, and

before assignment, the right rests in action merely, is not an estate in lands, nor does it give a dowress a right of entry.''

The learned annotator in 59 American Decisions in his note to case of Moore v. Mayor, on page 475 says: ''Until there has been actual admeasurement of dower, it is a mere potential interest, amounting to nothing more than a chose in action, and is not subject to seizure and sale by execution at law. [Pennington's Exrs. v. Yell, 52 Am. Dec. 262.] Before admeasurement of dower the wife has no interest or estate in the lands, and her deed operates, not as a grant, but as an estoppel. [Maloney v. Horan, 53 Barb. 38, 36 How. Pr. 267, citing the principal case.] The wife has no interest or estate in lands by virtue of her right of dower during the lifetime of her husband. [Dibble v. Clapp, 31 How. Pr. 424; Hammond v. Pennock, 61 N. Y. 158; Bennett v. Harms, 51 Wis. 258, all citing the principal case.] The right of dower before the death of the husband is only an inchoate right, not transmissible to her heirs. [In Matter of Rollwagen, 48 How. Pr. 113, citing the principal case.]''

The Kansas City Court of Appeals has likewise considered the character of this interest belonging to the wife in the very recent case of McCrillis v. Thomas, 110 Mo. App. l. c. 703. JOHNSON, J., there says: ''The inchoate right of dower which exists during coverture is not an interest in nor title to the land subject to conveyance. It may be released or relinquished; but such release does not operate as an extinguishment except in favor of the person to whom it is given and those who claim under him. The wife's deed operates only by way of estoppel, not as the alienation of an estate. It is the release of a contingent future right.''

Our statute, section 2934, Revised Statutes 1899, allows the assignment of this right by the widow,

after the death of the husband, but even this section in effect amounts only to an assignment of a right of action, for among other things it says: "And the assignee or grantee thereof shall have the right to sue for and have the same assigned and set apart to him: *Provided,* that the assignee shall take subject to all the liabilities that attach to such estates in the hands of the dowress."

This is only by the wayside. This statute refers to the interest as it exists after the death of the husband and not to inchoate dower. It refers to dower consummate, but unassigned.

This wife had no interest in these lots except the right of inchoate dower. The property was not a homestead. The petition in the case did not ask that the title be decreed out of Magoon, but only that a lien be enforced against the property. The judgment did not divest Magoon of title, but left the title in him, but subjected it to a lien. Where there is a mere dispute as to whether or not a lien exists against real estate, the title to real estate is not so involved as to confer jurisdiction upon this court.

To our mind no title to real estate is involved in this action. The cause should not have been transferred to this court, and it is certified back to the Kansas City Court of Appeals for final disposition upon the merits.

All concur.