E. SALIA, ALVIN GORTON AND W. A. CARTER, GEORGE HARP and H. B. RANEY, Co-Partners Doing Business as CARTER & HARP COMPANY, v. EMMA PILLMAN, Appellant.—43 S. W. (2d) 1038.

Division One, November 20, 1931.

*Douglas W. Robert* for appellant.

*S. C. Rogers* for respondents.

ATWOOD, J.—This case comes to the writer on reassignment. Respondents were plaintiffs in a civil proceeding against Emma Pillman in the Circuit Court of St. Louis County, Missouri. In their petition they alleged, among other things, that Josiah and Isaiah Pillman were partners engaged in the produce business under the name of Pillman Brothers; that Isaiah died, and Josiah, as surviving partner, was granted letters of administration on the partnership estate; that as surviving partner in charge of and administering the estate of Pillman Brothers he executed and delivered to one Samuel B. Blair, deeds dated April 3, 1924, purporting to convey certain lands in St. Louis and Franklin counties, Missouri, belonging to said estate, pursuant to an order of the probate court to pay debts allowed against said partnership estate; that by quitclaim deeds dated the same day and reciting nominal considerations the said Blair, joined by his wife therein, conveyed the same lands to Josiah Pillman and Emma Pillman, who thereafter, by quitclaim deeds dated September 9, 1924, and reciting nominal considerations, conveyed the same lands to Roy C. F. Fick; that on the same day the said Fick, by quitclaim deeds reciting nominal considerations, conveyed the same lands to Josiah Pillman and Emma Pillman, his wife; that thereafter on the 3rd day of October, 1924, the said Josiah Pillman died, leaving defendant as his widow surviving, to whom letters testamentary on the estate of said deceased were granted on October 22, 1924; and that on June 18, 1925, plaintiffs recovered certain judgments against the estate of the said Josiah Pillman, deceased, in the Probate Court of the City of St. Louis, where said administration was pending. Said petition further alleged that the said Josiah Pillman and Emma Pillman fraudulently conspired with each other by the aforesaid conveyances to vest an estate by the entirety in them in said lands, thereby rendering the said Josiah Pillman wholly insolvent and defeating plaintiffs' then existing claims upon which said judgments are based.

Plaintiffs' prayer was that "the court ascertain the exact amounts due plaintiffs and each of them and that the said property hereinabove described be subjected to the payment of plaintiffs' said judgments, and if the same be not paid within a time limited by this court, that said property be sold at public vendue, and out of the proceeds of said sale the plaintiffs' debts and demands, and each of them, be paid in full, together with interest and the costs of this case, and the remainder to the parties entitled thereto, and for such other and further relief as to the court may seem meet, just and proper."

Defendant went to trial on her second amended answer which consisted of a general denial, pleas to the jurisdiction, allegations of laches and misjoinder, and allegations that the sale of said land was not

fraudulently made but duly made under an order of said probate court. Plaintiffs' reply was a general denial.

Upon a full hearing of the cause judgment was rendered for plaintiffs. We quote the finding and judgment of the chancellor as follows:

"That prior to his death Josiah Pillman was the owner of certain real estate situated in St. Louis and Franklin Counties, Missouri, which said real estate is hereinafter more particularly described; that in order to hinder, delay and defraud plaintiffs, then existing creditors of said Josiah Pillman, said Josiah Pillman and defendant conveyed, or caused to be conveyed, the title to said real estate to said Josiah Pillman and defendant, his wife, as an estate by the entirety; that at the time of said conveyances and now the claims of plaintiffs, and each of them, were due and unpaid; that such conveyances to this time have hindered, delayed and defrauded plaintiffs, and each of them; that such transfers are null and void as to these plaintiffs, and each of them. That thereafter, on October 3, 1924, said Josiah Pillman departed this life; that defendant thereupon and by reason of said conveyances, became the record holder of title to said real estate; that thereafter letters of administration were duly issued on the estate of Josiah Pillman, deceased, in the Probate Court of the City of St. Louis, Missouri; that thereafter plaintiffs' claims, and each of them, were duly allowed against said estate in the Probate Court of the City of St. Louis, as follows:

"June 18, 1925, plaintiff Alvin Gorton in the sum of $132.75, which with interest at 6 per cent, amounting to $19.14, makes a total of $151.89;

"June 18, 1925, W. W. Carter, George Harp and H. B. Raney, copartners doing business as Carter & Harp Co. in the sum of $127, which with interest at 6 per cent, amounting to $18.33, makes a total of $145.33.

"September 28, 1925, E. Salia in the total sum of $4,736.56, which with interest at 6 per cent, amounting to $603.90, makes a total of $5,340.46; that said claims, and each of them, are now due and unpaid. That there were, and are, no assets in said estate of Josiah Pillman with which to pay the claims of these plaintiffs as creditors; that thereafter, and on the 2nd day of April, 1926, plaintiffs filed their petition herein.

"It is therefore ordered, adjudged and decreed that the claim of plaintiff Alvin Gorton, amounting to $151.89; that of Carter & Harp Co., amounting to $145.33, and that of E. Salia, amounting to $5,340.46, with interest on each of said claims from date hereof at six per cent, be and are hereby severally declared to be equitable liens or charges upon and against the following described real estate

(here follows description of land); that the title to said real estate be divested out of defendant and vested as equitable assets in the estate of Josiah Pillman in the Probate Court of the City of St. Louis, Missouri, so far as may be necessary to satisfy the amounts due plaintiffs, and each of them respectively, together with interest and costs; that the amounts due plaintiffs, and each of them respectively, be paid within thirty (30) days after this decree becomes final in this court, and in default of such payment, said above described real estate be subjected to payment of said judgments, and each of them; and that said real estate, or so much thereof as may be necessary, situated in Franklin County, Missouri, be sold by the sheriff of said Franklin County, Missouri; and that said real estate, or so much thereof as may be necessary, situate in St. Louis County, Missouri, be sold by the sheriff of said St. Louis County, to satisfy the amounts of said claims, and each of them, together with all interests and costs.''

It is apparent from the foregoing pleadings and judgment that this court is without jurisdiction unless the case is one ''involving title to real estate'' (Sec. 12, Art. VI, of the Constitution of Missouri; Sec. 5, Const. Amend. of 1884 to Art. VI), and if without jurisdiction we are without power to determine this appeal.

In reviewing the cases and stating the rule by which this jurisdictional question is to be determined we said in Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 953-4-5, 2 S. W. (2d) 771, that ''to involve title within the meaning of the Constitution a judgment must adjudicate a *title controversy*. The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another. . . . Nevertheless the fact should be remembered that it is the *judgment* sought or rendered, in each instance, which is determinative of jurisdiction; and that when the pleadings or record, as the case may be, are consulted it is for the sole purpose of ascertaining the *direct* operative effect of the judgment—which must be directly to take title from one and give it to another. . . . We understand the law to be that no case in which the judgment sought or rendered does not directly determine title in some measure or degree, even though it may affect title in a remoter sense (State ex rel. v. Reynolds, 265 Mo. 94-95, 175 S. W. 575), and no pure injunction or other case seeking ultimate relief only *in personam*, or monetary relief (Heman v. Wade, 141 Mo. 601, 43 S. W. 162; Price v. Blankenship, 144 Mo. 203, 208-9, 45 S. W. 1123)—no such cases involve title within the contemplation of the Constitution.'' In Stock v. Schloman, 18 S. W. (2d) 428, 432, 322 Mo. 1209, we again reviewed the authorities touching the question of our jurisdiction,

particularly cases adjudicating liens on real estate, and said that "actions which adjudicate only as to *liens* on real estate and do not *directly* affect the *title* are not actions involving title to real estate within the meaning of that provision."

Looking to the judgment in this case we find that the full scope of its purpose and effect was to fix the amounts then due the respective plaintiffs on their allowed demands, declare them severally "to be equitable liens or charges upon and against" the lands therein described, and prescribe the manner of enforcing such liens. The pleadings do not authorize a judgment divesting defendant of her title and vesting it in any one else, nor does this judgment so read. The provision "that the title to said real estate be divested out of defendant and vested as equitable assets in the estate of Josiah Pillman . . . so far as may be necessary to satisfy the amounts due plaintiffs," merely subjected the real estate to liens sufficient to satisfy these amounts and this on the theory that by reason of the conspiracy and fraud of Josiah Pillman and this defendant the latter's estate by the entirety was subject to the amounts adjudged to be the debts of Josiah Pillman, deceased. The judgment can be satisfied by payment of the liens adjudicated without affecting defendant's title. Jones v. Hogan, 211 Mo. 45, 109 S. W. 641, and Brannock v. Magoon, 216 Mo. 722, 116 S. W. 500, are cases in point.

From the foregoing it appears that this case is not one "involving title to real estate" within the meaning of the Constitution, and the cause is ordered transferred to the St. Louis Court of Appeals. All concur.