ED J. HERRIMAN, Appellant, v. CLAUDIE CREASON ET AL.—No. 38559.
—181 S. W. (2d) 502.

Court en Banc, July 3, 1944.

*Guy Whiteman* and *Thompson & Thompson* for appellant.

*Lawson & Hale* for respondents.

CLARK, J.—This case was submitted to Division Two of this court and an opinion written holding that title to real estate is not involved within the meaning of the State Constitution, and that the case should be transferred to the proper court of appeals. The opinion failing of adoption, the case was transferred to the court en banc.

In the trial court defendant demurred to plaintiff's petition on the grounds that it failed to state facts sufficient to constitute a cause of action and showed on its face that plaintiff has an adequate remedy at law. The court sustained the demurrer and, plaintiff refusing to plead further, ordered the petition dismissed and plaintiff appealed to this court.

The suit is against Claudie Creason as an individual and as administratrix of the estate of her deceased husband, William D. Creason. In substance the petition alleges: that on February 27, 1941, William D. Creason, by warranty deed, for a purported consideration of one dollar and love and affection, but without any actual monetary consideration, conveyed to his wife, the defendant, certain described real estate, being all that he owned, and at the same time transferred and assigned to her all his personal property; that the real estate was reasonably worth $9,000.00 and was subject to a deed of trust for $7,500.00; that the conveyance and transfer rendered Creason wholly insolvent and were made by him with intent to hinder, delay and defraud his creditors, including plaintiff, and that defendant was cognizant of such fraudulent intent; that on the same day the conveyance and transfer were made Creason died and defendant was duly appointed as administratrix of his estate; that at the time of such conveyance and transfer Creason was indebted to plaintiff in the sum of $918.25 and also indebted to others; that plaintiff's claim has been duly allowed by the probate court against Creason's estate; that defendant, as administratrix, has filed an inventory listing part of the personal propery so transferred to her and the same has been appraised at $2,549.63 and has filed a report of sale of a part of such personal property for $1,335.84; that defendant has been allowed by the probate court the statutory allowance of $400.00 and the sum of $800.00 in lieu of a year's provisions; that the inventory, appraisement and sales report were filed by defendant for the purpose and with the intent of misleading and deceiving creditors of the estate and lulling them into the belief that there are assets on hand belonging to the estate, whereas they are part of the property so fraudulently transferred to defendant and the estate is wholly insolvent. The prayer of the petition is: that the conveyance and transfer be declared fraudulent and void as to plaintiff and be canceled and set aside; that the real estate be ordered sold, if the personal estate be insufficient to pay plaintiff's judgment, subject to the deed of trust and to homestead and dower, if defendant be entitled thereto; and asks for the appointment of a receiver to take charge of the personal property so fraudulently transferred to defendant.

 Respondent says that title to real estate is not involved in a constitutional sense and jurisdiction of this appeal is in the court of appeals, citing Salia v. Pillman, 328 Mo. 1212, 43 S. W. (2d) 1038. In

that case a conveyance was attacked as being in fraud of creditors. The prayer of the petition was to the effect that the court ascertain the amount due the plaintiffs and subject the property to plaintiffs' debt, and if the same be not paid within a time limited by the court, the property be sold, etc. The case was tried on the merits and a decree rendered declaring the amount due plaintiffs to be an equitable lien on the real estate; that the title be divested out of defendant and vested as equitable assets in the estate of the deceased grantor so far as necessary to satisfy the amount due plaintiffs, and if plaintiffs' claim be not paid within thirty days the real estate be sold, etc. On appeal to this court we transferred the case to a court of appeals, holding that title to real estate was not involved within the meaning of the constitution. We reviewed some of our previous decisions, to wit, Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S. W. (2d) 771, holding that to involve title within the meaning of the constitution there must be a title controversy and "the judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another, or, as some of the cases say, must take title from one litigant and give it to another," and the case of Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428, holding that "actions which adjudicate only as to liens on real estate and do not directly affect the title are not actions involving title to real estate within the meaning of that provision." We then said that the pleadings did not authorize a judgment divesting defendant of title and vesting it in any one else, and that the provision in the judgment as to divesting title merely subjected the real estate to a lien to satisfy plaintiff's claim. We further said "the judgment can be satisfied by payment of the lien without affecting defendant's title," citing Jones v. Hogan, 211 Mo. 45, 109 S. W. 641, and Brannock v. Magoon, 216 Mo. 722, 116 S. W. 500.

The decree in the Salia case at least conditionally provided title should be divested out of defendant, although the petition had not so prayed. Our holding that this did not make the case involve title is contrary to our holding in the later case of State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S. W. (2d) 544. That point is not involved in the instant case because here the case went off on demurrer to the petition and no decree was rendered. Some language used in the Salia case is not in ▮ entire harmony with some of our previous decisions. Be that as it may, the Salia case can be distinguished on the facts from the instant case. Unlike the Salia case the petition here does ask that the conveyance be set aside as being fraudulent and void so far as the plaintiff is concerned. True, the petition further asks that the real estate be sold to satisfy plaintiff's judgment, but that doesn't make it a proceeding to enforce a lien against *defendant's* land. In this kind of a case the title of the record owner must be

set aside, at least in part, so that the land can be subjected to payment of the debt as the property of the grantor.

. Section 3507, Revised Statutes Missouri 1939, [Mo. R. S. A., vol. 10, p. 1182] provides that a deed executed under the circumstances described in plaintiff's petition shall be ''deemed and taken, as against said creditors, . . . to be clearly and utterly void.'' Now, if the deed is void, even in part, it fails to convey the whole title. So far as the creditor is concerned, the title is still left in the fraudulent grantor and a suit to cancel the deed directly involves the apparent legal title of the grantee. In Castorina v. Herrmann, 340 Mo. 1026, · 104 S. W. (2d) 297, we held that with respect to fraudulent conveyances a creditor may proceed in either of two ways: (1) he may resort to equity to have the fraudulent conveyance set aside so that the land can be sold to satisfy his claim free from any doubt created by the fraudulent conveyance, or (2) he may levy on the property, buy it under execution and sue to cancel the fraudulent conveyance as a cloud on his title. If he proceeds by the first method he does so not to establish a lien on the property of the *grantee,* but to divest the legal title out of the grantee and put it back in the grantor so he can satisfy his claim out of the property of the *grantor.* If the creditor proceeds by the second method, he directs his levy not against land as the property of the grantee, but as the property of the fraudulent grantor because the actual title did not pass by the fraudulent deed. By either method the title of the record owner, the grantee, is directly involved. Such a proceeding differs from one to establish a lien on land as the property of the record owner for that would not attack, but recognize, the title.

In Balz v. Nelson, 171 Mo. 682, 72 S. W. 527, we expressly held that title to real estate is directly involved so as to give us jurisdiction in cases such as the instant one, and that neither the fact that the ultimate purpose is to sell the land to satisfy plaintiff's claim, nor the possibility that plaintiff's claim might be paid and the sale avoided, can change the character of the action. Both before and since the decision in Balz v. Nelson, this court has often assumed jurisdiction in cases like the present. We cite a few such cases as follows: Patton v. Bragg, 113 Mo. 595, 20 S. W. 1059; McGregor-Noe Hdw. Co. v. Horn, 146 Mo. 129, 47 S. W. 957; [the question of jurisdiction expressly decided] Oldham v. Wright, 337 Mo. 170, 85 S. W. (2d) 483; Wrigley v. Wrigley, 345 Mo. 207, 132 S. W. (2d) 989.

Respondent argues that in any event title to real estate can only be remotely involved, stating that the petition asks to have the homestead of the defendant set off, and shows the equity does not exceed the value of a homestead. Further, respondent says the petition shows that $4,000.00 in personal property was transferred to the defendant and that only in the event the personal property is insufficient to pay the debt does the petition ask that the land be sold. We think

respondent's construction of the petition is not entirely accurate. The petition does not allege that a homestead exists. It prays that homestead be set off *if* defendant is entitled thereto. It also describes land consisting of several tracts, some in town and some in the country, with nothing to indicate that it was operated as one property or that defendant and her husband ever occupied any part of it as a homestead. The petition asks that both the conveyance of the land and transfer of the personal property be set aside, but it also states that the personal property has been converted to her own use. The petition does not state that any part of the personal property is still in the hands of defendant. It does ask for a *sale* of the land only in the event the debt cannot be realized out of the personal property, but it asks for a present setting aside of both the deed and the transfer.

We hold that title to real estate is involved and this court has jurisdiction of the appeal.

Respondent says that the petition shows on its face a defect of parties defendant in that the heirs of the deceased grantor are not made parties. Defect of parties was not mentioned in the demurrer. However, the heirs are neither necessary or proper parties. We have held that even the grantor is not a necessary party. [First Nat'l. Bank of Monett v. Vogt, 344 Mo. 284, 126 S. W. (2d) 199.]

In Kidd v. Schmidt, 345 Mo. 645, 136 S. W. (2d) 72, the defendant by crossbill alleged that he had caused certain land to be conveyed by another to plaintiff in consideration of certain things to be done by plaintiff; that plaintiff had refused performance and defendant prayed that the deed be set aside. We held, and properly, under the facts, that the grantor in the deed to plaintiff should have been made a party. But the prevailing rule is that in suits to set aside fraudulent conveyances the debtor is not a necessary party where he has parted with all his interest. [37 C. J. S., page 1175, section 344.] There may be cases where the grantor is a necessary party, for example, where the debt has not been previously established by judgment. Some cases hold he should be a party where the deed contains covenants of warranty. Since the solvency of the grantor is an issue, it is proper, even if not necessary, to make the grantor or the administrator of a deceased grantor a party, but we see no reason to make the heirs of a grantor parties. They are not liable on covenants of warranty and not financially affected whether or not the deed be set aside.

Next, respondent says the petition shows that plaintiff has an adequate remedy at law in that it shows sufficient personal assets in the estate to pay plaintiff's debt. The petition could be more clearly drawn, but we do not think it is subject to respondent's construction. It alleges that the defendant has falsely inventoried property of the value of $2,500.00, but in effect says that such property does not belong to the estate. It also says that defendant has obtained pref-

erential allowances in the sum of $1,200.00. If there are no other demands and the inventory represents actual assets of the appraised value, there would still be enough to pay plaintiff, but the petition says there are other debts and the estate is insolvent. Proof that the estate is solvent is a matter of defense because a voluntary conveyance is presumptively fraudulent as to existing creditors and the burden is on defendant to plead and prove that the conveyance did not render the grantor insolvent. [Godchaux Sugars v. Quinn (Mo.), 95 S. W. (2d) 83.]

The judgment dismissing plaintiff's petition is reversed and the cause remanded. All concur, except *Leedy, J.,* doubtful, and *Tipton, J.,* who dissents in separate opinion.

TIPTON, J. (dissenting).— The prayer in the case at bar is that the conveyance of the real and personal property be "revoked, cancelled and set aside and for naught held, and be decreed fraudulent and void as to this plaintiff; that the real estate may be ordered sold, if the personal estate be found insufficient to pay plaintiff's judgment, subject to the deed of trust aforesaid, and subject to the homestead and dower of the widow, if she is entitled thereto, to satisfy plaintiff's judgment against said estate." He asks that a receiver of both real and personal property be appointed and for an accounting and upon a final accounting that the administratrix be required to pay into court a sum sufficient to pay the plaintiff's allowed demand; while the prayer in the case of Salia et al. v. Pillman, 328 Mo. 1212, 43 S. W. (2d) 1038, was that "the Court ascertain the exact amounts due plaintiffs and each of them and that the said property hereinabove described be subjected to the payment of plaintiffs' said judgments, and that if the same be not paid within a time limited by this Court, that said property be sold at public vendue, and out of the proceeds of said sale the plaintiffs' debts and demands, and each of them, be paid in full, together with interest and the costs of this case, and the remainder to the parties entitled thereto, and for such other and further relief as to the Court may seem meet, just and proper." · In this type of case, the only relief the plaintiff could obtain is governed by the case of Stierlin v. Teschemacher, 333 Mo. 1208, 64 S. W. (2d) 647, which is that the decree ascertain the amount due the plaintiff; that a reasonable time be fixed and allowed the defendant to pay said amount, and in event of which payment the land shall be free and clear of the lien of said claim; and that in default of such payment, the land should be sold, and the sale proceeds shall be applied upon said claim and costs of suit, and that the surplus proceeds, if any, go to the defendant.

There is no material distinction between the prayer of the case at bar and the Salia case, and if there were, the decree in both cases must be the same, and any difference should be treated as sur-.

plusage. In the case of Jine v. Jine, 217 S. W. 93, we held that where the prayer asks for greater relief than the pleaded facts would justify, such relief must be treated as surplusage as the prayer is no part of the petition. In that case, we said, ''All judgments become liens upon their rendition, and *this prayer* (*which is no part of the petition*) is in a sense mere surplusage, unless the petition states facts out of which a lien would grow.'' (Italics mine.)

I think the majority opinion confuses this case with the two types of cases in ejectment actions, where title to real estate may or may not be determined, depending upon the prayer in the pleadings.

In creditors' fraudulent conveyance cases, title is not divested from the fraudulent grantee, but a lien is placed upon the property. In the case of Jones v. Hogan, 211 Mo. 45, 109 S. W. 641, the plaintiff alleged that one Hogan had bought the property with money concealed from his creditors and took title in his wife's name. The petition asked that the title be divested and adjudged to belong to plaintiff as trustee in bankruptcy. The judgment decreed title in the fraudulent grantee but subject to a lien in favor of plaintiff for the amount to have been paid by Hogan on the purchase price in fraud of creditors and decreed that the lien be enforced by sale. (The only judgment that legally could be entered.) We held that we did not have jurisdiction and transferred the case.

The test of whether or not title to real estate is directly involved has been stated as follows in the case of Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, l. c. 774, wherein we said: ''The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to *one litigant* and in favor *of another*; or, as some of the cases say, must take title from *one litigant* and give it *to another*.'' (Italics mine.) This case has been consistently followed by us since its adoption. See State ex rel. Brown v. Hughes et al., 345 Mo. 958, 137 S. W. (2d) 544.

Where is title directly taken from one litigant and given to the other litigant in this case?

I am unable to see where title to real property is directly involved, but the real question is whether this plaintiff is entitled to a lien upon this real estate, which later may be foreclosed. Under these circumstances, the case of Stock v. Schloman, 322 Mo. 1209, 18 S. W. (2d) 428, holds that title to real estate is not directly involved so as to give us jurisdiction.

I think we are without jurisdiction and this case should be transferred to the Kansas City Court of Appeals. I, therefore, dissent.