DIXON, Judge.
Richard A. Monroe appeals from a judg.ment setting aside a conveyance made by him to his co-defendants, Margaret Wren and Rachel Grice. The only issue raised is the sufficiency of the evidence to support the findings that the deed was a fraudulent conveyance. The notice of appeal was taken on behalf of the defendant Richard A. Monroe alone. Counsel for Richard A. Monroe did not represent the other defendants. Neither of the other defendants has appealed. The warranty deed which the court ordered set aside showed no retained interest in the grantor Richard Monroe. Richard Monroe was not a necessary party under controlling authority.
It is said that Maney is a necessary party to this suit, and that the judgment should be reversed because he is not made a party defendant.... In this state, however, it has been held that, as the fraudulent grantor could be prejudiced in no way, in a legal sense, by a determination which subjected the property to the payment of his debts, which had already irrevocably passed beyond his control, he has no interest in the suit, and is therefore not a necessary party. Merry v. Fremon, 44 Mo. 518; Jackman v. Robinson, 64 Mo. 289.
Schneider v. Patton, 175 Mo. 684, 726-27, 75 S.W. 155, 167-68 (1903), (emphasis added).
Schneider v. Patton has been followed in First National Bank v. Vogt, 344 Mo. 284, 126 S.W.2d 199, 201 (1939), and in Herriman v. Creason, 352 Mo. 1176, 181 S.W.2d 502, 504-05 (banc 1944).
Section 512.020, RSMo 1978 provides that only a party “aggrieved by any judgment” may appeal. Richard Monroe was not aggrieved by the judgment setting aside the deed. The appeal is dismissed.
All concur.