CHARLES FRASE et al., Appellants, v. THOMAS J. LEE et al., Respondents.

Springfield Court of Appeals, January 3, 1911.

1. **STATUTE OF LIMITATIONS: Payment of Interest by Volunteer.** In an action to foreclose a deed of trust on real estate given by A in 1891 to secure a note, it appeared that A conveyed the land to B in 1893, who reconveyed to A, and in 1904 A conveyed to C, who in turn conveyed to D in 1905. A paid no interest on the note after he first conveyed, but B paid interest up to 1898. The defense was the Statute of

Limitations. Plaintiff contended that the payment of interest by B kept the debt alive and within the statute. *Held,* that as it did not appear that B had assumed the payment of the note, his payment of the interest was voluntary, and did not stop the running of the statute.

2. ———: ———: ———. A payment of interest on a debt to stop the running of the Statute of Limitations must be made by some one legally bound to pay the debt. A payment made by one for his own convenience merely is not sufficient.

3. **EVIDENCE: Conveyances: Parol Evidence to Show Consideration.** The fact that there was no statement in the deed that the grantee assumed the payment of a note secured by a deed of trust on the real estate conveyed, did not preclude the showing of this by parol testimony, provided the grantee agreed at the time he purchased the land to pay the debt secured by the deed of trust as a part of the purchase price of the land.

4. **CONTRACT: Consideration: Payment of Debt of Another.** As the grantee did not agree at the time he purchased the land, that he would pay the note which was secured by deed of trust on the land, a subsequent agreement made by him with the holder of the note, to be binding would have to be upon a new consideration.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*Marion C. Early* and *Clyde Williams* for appellants.

(1) The transfer of the property from Brassel to Block was made subject to the deed of trust sought to be foreclosed and the amount of the indebtedness secured by the deed was considered by the parties as a first lien, and the payment of the interest by Block was a part payment of the indebtedness, and, being within the statute, there is a clear right to a decree of foreclosure. Lewis v. Schwenn, 93 Mo. 26; Bennett v. McCause, 65 Mo. 94; Nelson v. Brown, 140 Mo. 580; Long v. Long, 141 Mo. 352; 27 Cyc. 1341. (2) The last payment being within the period, a decree of foreclos-

ure should be entered. Wonderly v. Giesler, 118 Mo. App. 708. (3) By the retention of the fund secured by the deed of trust the law will imply a promise upon the part of Block to pay the debt, upon which the mortgagee may maintain an action. Bristol Savings Bank v. Stiger, 86 Iowa 344; Winans v. Milkie, 41 Mich. 264; Jager v. Valinger, 174 Mass. 521; Irotte v. Hughes, 12 N. Y. 74, 62 Am. Dec. 137; Twichell v. Mears, 8 Bliss (U. S.) 211. (4) The weight of the evidence and the letters of Block warrant a finding of an express promise to pay the mortgage debt, and a decree of foreclosure should be granted. Regan v. Williams, 185 Mo. 620.

*Byrns & Bean* for respondent Block, and *D. D. Holmes* for respondent Lee.

(1) The payment of interest by Block did not amount to an assumption of the mortgage debt, and did not make him personally liable therefor. Keifer v. Shackett, 85 Mo. App. 451; B. & L. Association v. Grocer Co., 82 Mo. App. 252. (2) The assumption of a mortgaged debt by an assignee of the equity of redemption must be established by clear and cogent evidence and not by inference; and such assumption, being an issuable fact, and there being no evidence to negative the claim of assumption, and the court having found there was no assumption, the finding of the court is conclusive. Ins. Co. v. Irwin, 67 Mo. App. 94; Heffernan v. Weir, 99 Mo. App. 304; Fuller v. DeVolld, 128 S. W. 1011. (3) Block never having assumed the note, and not being personally liable for the payment of it under any theory of the law, it is barred by the Statute of Limitations. Regan v. Williams, 185 Mo. 629; Corbyn v. Brockmeyer, 84 Mo. App. 649; Trustees v. Smith, 52 Conn. 436; Maddox v. Duncan, 143 Mo. 622.

COX, J.—Action to foreclose deed of trust. The defense was a plea of the Statute of Limitations. The deed of trust was given by C. Brassel to Robert Backer,

trustee for Charles Frase, dated July 23, 1891, to secure a promissory note of that date for two hundred and fifty dollars, due one year from date. This deed of trust was given to secure the balance of the purchase price of the land covered by it. On July 8, 1893, Brassel conveyed the land to August Block by general warranty deed. Block quitclaimed it back to Brassel, December 22, 1903, Brassel conveyed it to George M. Harrington February 5, 1904, by general warranty deed. Harrington conveyed to Thomas J. Lee, March 13, 1905, by general warranty deed. The deed of trust in question was duly recorded but none of the deeds made when the land was transferred made any reference to this deed of trust. Brassel paid nothing on the note secured by the deed of trust after he first sold the land. The interest upon the note was paid by Block for several years, the date of his last payment being July 21, 1898. This was the last payment made on the note. This suit to foreclose the deed of trust was begun March 30, 1908, and the question at issue in this case is whether or not the payment of interest by Block upon July 21, 1898, tolled the Statute of Limitations so that the suit was brought within ten years after the last payment upon the debt secured by the deed of trust.

The case was heard by the trial judge and plaintiff's bill was dismissed. The case turns upon two questions. One is a question of fact which is whether or not Block assumed and agreed to pay the debt secured by the deed of trust when he purchased the lands. There was no statement in his deed in relation to it. This, however, did not preclude the fact being shown by parol testimony provided he did agree at the time he purchased the land to pay the debt secured by the deed of trust as a part of the purchase price of the land. [Nelson v. Brown, 140 Mo. 580, 41 S. W. 960.]

The question whether or not Block agreed to pay the debt secured by the deed of trust as a part of the purchase price of the land was one of fact, and the

court having found in defendant's favor we shall not disturb that finding.

It is contended now by plaintiff that the payment of interest by Block, and his having written a letter to plaintiff in which he mentioned something about paying the debt was recognition by him of the deed of trust, and that he is, for that reason, now held for its payment, and, therefore, if he paid interest upon the note the running of the Statute of Limitations was suspended and that his suit is in time. With this contention we do not agree. If Block did not agree at the time he purchased the land to pay the debt secured by the deed of trust a subsequent agreement made by him with the holder of the note to be binding would have to be based upon a new consideration; so that even though he may have promised to pay the debt and did, as a matter of fact, pay interest upon it, this would not constitute a contract upon his part to pay the principal of the note. [Hall v. Morgan, 79 Mo. 52; Hicks v. Hamilton, 144 Mo. 495, 46 S. W. 432; B. & L. Ass'n v. Scudder-Gale Grocery Co., 82 Mo. App. 245; Keifer v. Shackett, 85 Mo. App. 449.]

There was no evidence in this case that Block assumed and agreed to pay the debt secured by this deed of trust other than that of the character above enumerated, and this was not sufficient to establish such an agreement upon his part.

As Block was not bound to pay the debt, payments made by him were, in contemplation of law, made by a mere volunteer and did not stop the running of the Statute of Limitations. Neither can it make any difference that Block paid interest on the debt to prevent a foreclosure of the deed of trust upon the land. A payment to stop the running of the Statute of Limitations must be made by some one legally bound to pay the debt. A payment made by one for his own convenience merely is not sufficient.

The judgment will be affirmed. All concur.