FRANK H. ALEWEL, Executor of the Estate of JOHN H. VETTE, Deceased, Appellant, v. MARY W. JOHNSON, Executrix of the Estate of HENRY T. B. JOHNSON, Deceased, and MAY JOHNSON, Respondents.

St. Louis Court of Appeals. Opinion Filed May 8, 1923.

1. **LIMITATIONS, STATUTE OF:** Chattel Mortgages: Foreclosure: Right to Foreclose Barred When Note is Barred. Under section 3920, Revised Statutes 1919, which provides that no suit, action, or proceeding under power of sale to foreclose any mortgage shall be had and maintained after the obligation has been barred by the Statute of Limitations, a mortgage and a note secured thereby run concurrently, and when the note is barred the right to foreclose the mortgage is likewise barred.

2. :————: ————: ————: ————: Action in Replevin to Recover Specific Personal Property Described in Chattel Mortgage Governed by Five-year Statute. Section 1317, Revised Statutes 1919, the five-year statute, requires all actions for the recovery of specific personal property to be brought within five years, even though such action does arise on contract, unless such action arises by virtue of a contract in writing for the payment of money or property, or such contracts as are mentioned in section 1316, the words in the statute, "not arising on contract," qualify the provision with respect to "any other injury to the person or rights of another," hence plaintiff, mortgagee in a chattel mortgage, having invoked the remedy of replevin, proceeded by an action which was barred by the five-year Statute of Limitations.

3. ————: ————: ————: ————: Mortgagee Entitled to Possession After Condition Broken. The mortgagee in a chattel mortgage becomes entitled to the possession of the property described in the

chattel mortgage immediately after the conditions described therein are broken.

4. ——: ——: ——: ——: Remedy by Replevin: Barred by Five-Year Statute: Lien Created by Chattel Mortgage Not Barred: Life of Mortgage Equals Life of Notes. Where a mortgagee in a chattel mortgage instituted an action of replevin more than five years after conditions described therein were broken, same being a judicial proceeding to recover specific property described in the chattel mortgage given to secure the payment of the notes therein described, the five-year Statute of Limitations applied to that form of action, but the lien on the chattels created by the mortgage was not barred by the Statute of Limitations because the life of the mortgage is equal to the life of the notes.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*William G. Voorhees* and *Alphonso Howe* for appellant.

The lien on the chattels in suit created by the chattel mortgage to secure the payment of the notes therein described, was not barred by the Statute of Limitations as long as the notes were not barred. The ten-year statute applies in this case and not the five-year statute. Secs. 1316, 1320, R. S. 1919; Stanton v. Gibbins, 103 Mo. App. 264; Berryman v. Becker, 173 Mo. App. 346; Johnston v. Ragan, 265 Mo. 420; Jones on Chattel Mortgages (5 Ed.), sec. 772; 2 Wood on Limitations (4 Ed.), sec. 222, p. 1037 et seq.

*J. D. Johnson* for respondent.

(1) This is an action in replevin, under what is now Art. 5, Ch. 23, R. S. 1919, and was therefore at the time it was instituted, September 17, 1918, barred by the five-year Statute of Limitation then in force. Sec. 1317, R. S. 1919). (2) The action of replevin is merely an action for the recovery of specific personal prop-

erty, and does not involve title to the property sued for otherwise than as evidence of the right to the possession of the same. Pallen v. Bogy, 78 Mo. App. 97, and cases cited. (3) This is not "an action upon any writing . . . for the payment of money or property," as provided in Sec. 1888, R. S. 1909 (now Sec. 1316, R. S. 1919). Hence the ten years limitation prescribed by said sections cannot apply to the case, as appellant contends. (4) If this action is based upon the chattel mortgage and notes, as appellant contends, then it is in the nature of a suit to foreclose that instrument, and the Justice of the Peace had no jurisdiction of the same. See: Secs. 2219, 2233 and 2234, R. S. 1919; Nichols v. Stokes, 196 S. W. 1075.

NIPPER, C.—This action originated on the seventeenth day of September, 1918, by John H. Vette filing a suit in replevin before a justice of the peace in the city of St. Lous, wherein it is alleged that plaintiff is the holder and owner of a certain negotiable note, dated February 3, 1910, made payable by the defendant Henry T. B. Johnson to the plaintiff; that the above-named Johnson gave plaintiff a chattel mortgage, bearing the same date as the note, covering certain household chattels. Plaintiff alleged that he was entitled to the possession of the goods described in the mortgage, of the value of $200. The chattel mortgage was signed by Henry T. B. Johnson, and May Johnson, his wife. This chattel mortgage and the notes were all dated February 3, 1910. At the time the mortgage was executed it appears that defendant Henry T. B. Johnson was given a check for $375 by plaintiff, and Johnson, in turn, executed fifteen notes, bearing the above date, payable one note each month for fifteen months. The suit is based upon default in payment of the $25 note, dated February 3, 1910. The first ten notes appear to have been paid. The chattel mortgage is in the usual form, with power of sale, etc.

The case was tried in the circuit court without the aid of a jury, one having been waived by both parties, and the court entered judgment for defendants on the ground that the five-year Statute of Limitations applied to the action for the recovery of the personal property, and from this judgment plaintiff appeals.

It is unnecessary to set out the evidence in detail because the sole question presented here by this appeal is whether or not, under the facts as above stated, the court erred in rendering judgment for defendants on the ground that the five-year Statute of Limitations applied to the action. Plaintiff contends here that the lien on the chattels created by the mortgage to secure the payment of the notes was not barred by the Statute of Limitations as long as the notes were not barred, and, that the ten-year statute applied in this case. This is the sole question which is presented here on appeal.

Under the common law a mortgage ran for twenty years, and this independent of any note, but this rule has been changed in this State by statute. Section 1320, Revised Statutes 1919, which was enacted in 1891, provides that no suit, action, or proceeding under power of sale to foreclose any mortgage shall be had and maintained after the obligation has been barred by the Statute of Limitations of this State. It was the object and purpose of this statute to make the mortgage and note run concurrently, and when the note was barred the right to foreclose the mortgage was likewise barred. [Hubbard v. Dahlke, 277 Mo. 516, l. c. 522, 210 S. W. 652.] This statute was amended in 1921 (Laws of Missouri, 1921, page 202), but this amendment is not material in the determination of the issues here.

It appears that plaintiff, having invoked the remedy of replevin, proceeded by an action which is barred by the five-year Statute of Limitations. This statute (section 1317, R. S. 1919) requires the following actions to be brought within five years:

"First, all actions upon contracts, obligations or liabilities, express or implied, except those mentioned

in section 1316, and except upon judgments or decrees of a court of record, and except where a different time is herein limited; second, an action upon a liability created by a statute other than a penalty or forfeiture; third, an action for trespass on real estate; fourth, an action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract, and not herein otherwise enumerated;'' etc.

This section requires all actions for the recovery of specific personal property to be brought within five years, even though such action does arise on contract, unless such action arises by virtue of a contract in writing for the payment of money or property, or such contracts as are mentioned in section 1316. It cannot be contended that this chattel mortgage is such a contract. [Parker-Washington Co. v. Dennison, 267 Mo. 199, 183 S. W. 1041.] The words in the statute, "not arising on contract," qualify the provision with respect to "any other injury to the person or rights of another."

Plaintiff became entitled to the possession of the property described in the chattel mortgage immediately after the conditions described therein were broken. [Tobener v. Hassinbusch, 56 Mo. App. 591.] This was more than five years prior to the institution of this suit, and, this being a judicial proceeding to recover the specific property described in the chattel mortgage given to secure the payment of these notes, the five-year Statute of Limitations would apply. This does not mean that the lien on the chattels created by the mortgage was barred by the Statute of Limitations, because the life of the mortgage, under the laws of this State, is equal to the life of the notes. Plaintiff, however, cannot recover in this form of action, and therefore we think the trial court was right in applying the five-year Statute of Limitations to this particular proceeding.

It follows, therefore, that the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.