Nannie Murphy v. Earl Milby, Edgar Milby and Ollie May Stewart, Appellants.—130 S. W. (2d) 518.

Division Two, July 7, 1939.

*William M. Stringer* and *Don C. Carter* for appellants.

*Frank Hollingsworth* and *William W. Barnes* for respondent.

1082

WESTHUES, C.—Respondent, plaintiff below, filed this suit in ejectment against appellants for possession of lands located in Monroe County, Missouri. ■ Defendants filed an answer alleging ownership of title to the lands described in plaintiff's petition and prayed the court to quiet title in them. Hence, our appellate jurisdiction. Defendants also asked the court to declare null and void a certain deed of trust through which the plaintiff claimed to have derived title. Plaintiff in her reply pleaded *res adjudicata* as to matters set up in defendants' answer pertaining to the deed of trust. A change of venue brought the case to Audrain County, Missouri, where it was tried and a judgment entered for plaintiff, whereupon defendants appealed.

On the second day of March, 1914, Albert B. Milby executed a deed of trust on the lands in dispute to secure a note made payable to plaintiff in the sum of $4500, due one year after date. We may state here that the defendants are the sole heirs of Albert B. Milby, deceased. The note was not paid nor was the deed of trust foreclosed prior to January 26, 1934, on which date the following affidavit was filed for record in the recorder's office of Monroe County:

"State of Missouri County of Monroe ss

"Alex T. Stuart, of lawful age, being duly sworn upon his oath states; I am the agent and Attorney for Nannie Murphy of Billings, Montana; that the said Nannie Murphy is the Beneficiary in a certain Mortgage Trust Deed dated March 2nd, 1914 and filed March 5, 1914 in Vol. No. 50 at page 403 of the Deed of Trust Records of Monroe County, Missouri, securing a note for the sum of $4,500.00 of same date given by Albert B. Milby and secured by said Trust Deed, said note bearing 6% interest, and due one year after date. That the said Nannie Purphy is now the legal owner of said Note; that said note is still due and unpaid; and that said Deed of Trust is a valid and subsisting lien on and against the real estate therein described.

"Alex T. Stuart

"Subscribed and sworn to before me this the 26th day of January, A. D. 1934.

"Marcus J. Heathman

" (Seal)                    Clerk of the Circuit Court

"By: Carl Bounds, Deputy."

Thereafter, in October, 1935, the defendants in this case instituted a suit wherein they sought to expunge the deed of trust from the record. One of the grounds alleged was that more than twenty years had elapsed since the maturity of the note for which the deed of

trust had been given as security. One of the issues in that case was the sufficiency of the affidavit above set forth. It was urged that the affidavit was insufficient under Section 865, Revised Statutes 1929 (Mo. Stat. Ann., p. 1153). The Circuit Court of Monroe County entered a judgment against the plaintiffs, defendants here, and dismissed their suit. An appeal was duly taken to the St. Louis Court of Appeals where the judgment of the trial court was affirmed. [See Milby et al. v. Murphy, 121 S. W. (2d) 169.] The Court of Appeals did not pass upon the sufficiency of the affidavit. It held that Section 865, supra, was a statute of repose which could be pleaded as a defense, but that a debtor could not by affirmative action have the deed of trust expunged from the record. Note the concluding portion of the opinion of the Court of Appeals:

"So in this case, if defendant were attempting to foreclose under her deed of trust, plaintiffs would be entitled to plead the bar of Section 865, and their defense would be complete if they should succeed in showing that the affidavit filed by Stuart did not so far comply with the requirements of the statute as to have tolled the running of the limitation period. But even though it is true that in an appropriate proceeding plaintiffs might perchance have a defense under Section 865, the same nevertheless confers no right of action upon them, and the court below must therefore be held to have ruled properly in denying their prayer for affirmative relief against the lien of the deed of trust."

■ Respondent insists that its plea of *res adjudicata* should be sustained because the sufficiency of the affidavit was litigated in the former action and the Circuit Court of Monroe County found against the defendants in this case on that issue. It is asserted that the judgment of Monroe County is still in force. The question was well briefed on both sides. However, the view we have taken of the case renders it unnecessary to pass upon that question. The affidavit set out above substantially complied with the statute. The statute provides that:

"No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statutes of limitation of this state; nor in any event after the lapse of twenty years from the date at which the last maturing obligation . . . unless before the lapse of said twenty years the owner of the debt thereby secured or some person for him shall file an affidavit duly verified, or file an instrument in writing acknowledged as deeds are required to be acknowledged in order to entitle them to record in this state, showing the amount due and owing thereon."

The affidavit was filed within the twenty years and showed upon its face that the affiant was the agent and attorney for the beneficiary of

the note. The deed of trust was fully described including the book and page where recorded. The affidavit also stated the amount of the note, the rate of interest and that the note had not been paid. Appellant insists that the agent's authority to make the affidavit should have been in writing because the affidavit affected an interest in land. It is not the purpose of an affidavit made pursuant to Section 865, supra, to affect to real estate, and it does not do so. Such an affidavit only serves as a notice to the public that the indebtedness secured by a deed of trust or mortgage has not been paid. We are of the opinion that such an affidavit may be made on behalf of the creditor by an agent under oral authority. [See 2 C. J. 450, secs. 49 and 50; also 2 C. J. S., p. 1055, sec. 26.] We have been unable to find any statute which requires such an agent's authority to be in writing.

The judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.