JOSEPHINE COLEMAN and PAULINE BRENNER, Appellants, v. ALVA F. TRUEBLOOD, Trustee, and MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, a Corporation.—No. 38153.—172 S. W. (2d) 863.

Division Two, March 25, 1943.

Rehearing Denied, June 7, 1943.

Motion to Transfer to Banc Overruled, July 6, 1943.

*Cornelius Roach* and *Daniel L. Brenner* for appellants.

*John M. Linger* for respondent Massachusetts Mutual Life Insurance Company.

TIPTON, J.—The appellants filed this action in the Circuit Court of Jackson County, at Kansas City, to enjoin a threatened sale of real estate by the defendant, Alva F. Trueblood, Trustee, under power of sale contained in a deed of trust securing a note of $10,000 held by the Massachusetts Mutual Life Insurance Company, hereinafter referred to as respondent, and to declare the note secured by the deed of trust barred by the Statute of Limitations; and prayed that the court decree title to be in the appellants, and discharge the lien of such deed of trust. From the action of dismissing appellants' petition, they have duly appealed.

On February 21, 1923, Fred Walker, then owner of the real estate in question, executed his note for $10,000 to respondent, and secured this note by executing a deed of trust conveying the property in question to defendant, Alva F. Trueblood, as trustee. The deed of trust contained the usual power of sale.

On March 10, 1924, Walker conveyed the property to the Twelfth Street Investment Company, who conveyed this property to C. C. Madison and H. G. Blakeley on April 21, 1925. These deeds conveyed the property subject to the deed of trust.

On February 29, 1928, Madison, Blakeley, and respondent entered into an extension agreement and by its terms the parties agreed that "there still remains unpaid" to the respondent "on the principal indebtedness evidenced by the promissory notes" described in the above mentioned deed of trust "the sum of Ten Thousand Dollars." The agreement then recites in consideration of an extension and other considerations "said Charles C. Madison and H. G. Blakeley . . . agree to pay said insurance company . . . said sum of Ten Thousand Dollars, so remaining unpaid, as follows: On March 1, 1933, with interest . . ." The agreement then recites that the deed of trust shall continue as security for the payment of such principal so remaining unpaid and interest, until the note is paid.

In March, 1934, this property was conveyed by Madison and Blakeley's heirs (Blakeley having died) to one of the appellants, Josephine Coleman (nee Brenner) who conveyed one-half interest in the property to the other appellant, Pauline Brenner. All of such conveyances were subject to the lien of the deed of trust. About the same time the property was conveyed to Josephine Brenner, the respondent released Madison and Blakeley from their liability under the extension agreement.

The appellant contends the note is barred by the Statute of Limitations. The [865] note was due March 1, 1928, and Walker, the maker, did not pay any of the principal or any interest on the note after March, 1924. The action to foreclose was not commenced until June 24, 1939, and it is evident that under Sections 1012, 1013, and 1017, R. S. (Mo.) 1939, the note is barred and right to foreclose was lost in March, 1934, which is ten years after the last payment on the note by its original maker, unless the extension agreement executed by Madison and Blakeley tolled the running of the Statute of Limitations. In their briefs, both parties concede as much.

It is to be remembered that all conveyances from the Walker deed to appellant Josephine Coleman (nee Brenner) were made subject to the deed of trust executed by Walker. As none of the subsequent grantees were personally bound to pay the debt, interest paid on the debt by these grantees was in contemplation of law made by volunteers and did not stop the running of the Statute of Limitations. Neither can it make any difference that these grantees "paid interest on the debt to prevent a foreclosure of the deed of trust upon the land. A payment to stop the running of the Statute of Limitations must be made by someone legally bound to pay the debt. A payment by one for his own convenience merely is not sufficient." Frase et al. v. Lee et al., 152 Mo. App. 562, l. c. 566.

■ Appellants contend that under the extension agreement between the respondent "and Madison and Blakeley, the latter did not assume and agree to pay the original note nor the indebtedness evidenced by said note, nor did they undertake to perform the terms and conditions of the deed of trust which secured the original note." To this we do not agree. This extension agreement recites that "said Charles C. Madison and H. G. Blakeley . . . agree to pay to said insurance company . . . *said sum of Ten Thousand Dollars so remaining unpaid* . . . " (Italics.ours.) The words "said sum" refer to the phrase previously recited in the agreement "on the principal indebtedness evidenced by the promissory notes . . . the sum of Ten Thousand Dollars." The agreement also recites that "the deed of trust shall continue as security for the payment of such principal so remaining unpaid, and interest . . . until paid." Taking the extension agreement as a whole, we have no hesitancy in holding that Madison and Blakeley agreed to pay the note and agreed to be bound by the terms and conditions of the deed of trust.

■ While it is true Madison and Blakeley did not, in the deed by which they acquired title to the property, assume and agree to pay the note secured by the deed of trust, they did so in the extension agreement. They were not guarantors or sureties, but as the extension agreement was upon a new consideration, they were directly and primarily obligated to pay the indebtedness. Reed v. Inness, 102 S. W. (2d) (Mo. App.) 711. As they paid interest on the notes as late as the year 1934, the notes were not barred by the Statute of Limitations.

Appellants stress the case of Regan v. Williams, 185 Mo. 620, 84 S. W. 959, to sustain their contention. The defendant in that case executed to the plaintiff a note secured by a deed of trust upon some land. Later he deeded the land in which the grantee as well as all subsequent grantees agreed and assumed to pay the debt. The deed of trust was foreclosed and the land was sold for less than the value of the note. Regan, the holder of the note, sued Williams, the maker of the note, for the balance due on the note. We held that the assumption of a mortgage debt by the vendee of land converts the vendee into the principal of the note secured by the mortgage, and the vendor into a surety; and a payment of interest by the vendee, while the note is still alive, will not stop the running of the Statute of Limitations as to the vendor because they were not joint obligors, and the original maker was not liable.

We do not think this. case is in point; whether or not Walker, the original maker of the note in question, is liable, is not before us for a decision. In that case, suit was not brought against the vendee, who agreed to pay the note and thereby became the principal.

Nor do we think the case of Frase et al. v. Lee et al., supra, relied upon by appellants, sustains their position.

192

In that case, one Backer executed a deed of trust to secure a note payable to plaintiff, Frase. Later, the land was conveyed to one Block, subject to the deed of trust. He did not agree to pay the debt secured by the deed of trust. The Court of Appeals [866] held that he was not bound to pay the debt, and interest paid by him on the note was not paid by one who was legally bound to pay the note, and, therefore, such payment did not stop the running of the Statute of Limitations.

In the case at bar, we have already held that Madison and Blakeley, under their extension agreement, were primarily liable to pay the debt in question, and their payment of interest did toll the Statute of Limitations.

Having disposed of the points raised by appellants in their brief, it follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.