STE. GENEVIEVE COUNTY v. JOHN P. HEBERLIE, Appellant.—No. 38324.—171 S. W. (2d) 667.

Division One, June 1, 1943.

*W. A. Brookshire* and *C. I. Hoy* for appellant.

*Alfred F. Moeller* and *J. Grant Frye* for respondent.

CLARK, J.—On April 7, 1919, appellant executed and delivered a mortgage on real estate to respondent county to secure a loan of $2,000.00 from various county school funds, reciting the loan was evidenced by a bond obligating appellant to pay the indebtedness with six per cent annual interest on or before the seventh day of April, 1920. At the same time appellant, with two sureties, executed and delivered to respondent the bond described in the mortgage. Appellant paid the annual interest up to April 7, 1939. On April 5, 1940, respondent filed in the office of recorder of deeds an instrument duly signed and acknowledged by the presiding judge of the county court, attested by the county clerk, describing the mortgage and stating that the entire principal sum and $119.33 in interest yet remained due and unpaid.

Thereafter, respondent county foreclosed the mortgage by proceedings in the circuit court, bought the land at sheriff's sale and, in another suit, procured a judgment in ejectment against defendant. From this judgment in ejectment defendant has appealed.

Respondent has filed a motion to dismiss the appeal on the grounds; (1) that appellant has failed to make a fair and concise statement of the facts; (2) that appellant's brief does not contain a proper statement of the points relied on with citation of authorities.

The statement of facts in appellant's brief is substantially like that contained [668] in respondent's brief. The assignment of errors and points and authorities consist mainly of abstract principles of law, with citation of authorities, about which there is no dispute. However, the assignments and points, when read together, do present a contention as to one legal question and, for that reason, we overrule respondent's motion to dismiss the appeal.

The sole contention of appellant is that the school fund mortgage expired by limitation on April 7, 1939, under Section 1017, Revised Statutes Missouri 1939. [Mo. R. S. A., p. 208.]

Section 1017 provides:

"No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statutes of limitation of this state; nor in any event after the lapse of twenty years from the date at which the last maturing obligation secured by the instrument sought to be foreclosed is due on the face of such instrument, . . . unless before

the lapse of said twenty years the owner of the debt thereby secured or some person for him shall file an affidavit duly verified, or file an instrument in writing acknowledged as deeds are required to be acknowledged in order to entitle them to record in this state, showing the amount due and owing thereon.''

In effect, appellant argues that the obligation referred to in the statute is the mortgage itself. He says ''that the mortgage did not secure the bond, but the mortgage was secured by the bond with two good securities on it.'' His argument means that the obligation matured at the very instant it was created. Clearly, there is no merit in such contentions. The mortgage and the sureties on the bond secure the indebtedness. The indebtedness is evidenced by the bond which determines the date of maturity. In this case, by the clear terms of the obligation, the principal of the debt matured on April 7, 1920. Until that date the mortgage could not be foreclosed, and it could be foreclosed, if in default, at any time within twenty years after that date, unless the debt was barred by another statute of limitation. It is certain that the debt was not barred by any other statute of limitation for payments of interest were made each year. Under the statute the county could and did extend the time for foreclosure by recording the written instrument above mentioned before the expiration of twenty years from the maturity of the obligation. The extension was recorded on April 5, 1940, two days before the expiration of the twenty year period.

We have read the cases cited, but they do not touch upon the only question involved herein.

The judgment is affirmed. All concur.