ARAH J. RICE, (PLAINTIFF) APPELLANT, v. JOSEPH T. HUGHES, (DEFENDANT) RESPONDENT.—208 S. W. 2d 821.

St. Louis Court of Appeals. Opinion filed February 17, 1948.

36

*John H. Haley* for appellant.

*Paul W. Bennett* and *Onie D. Newlon* for respondent.

McCULLEN, P. J.—This suit in equity was instituted on March 29, 1947, by Arah J. Rice, as plaintiff, against Joseph T. Hughes, as defendant, in the Circuit Court of Ralls County, Missouri, to establish a deed of trust as an equitable lien upon certain property situated in Ralls County.

The petition of plaintiff alleged that he is the son of George Rice and Betty Rice who, as husband and wife, acquired title to the following described real estate:

"Lot Four (4) in Block Eight (8) and the Northeast corner of Lot Five (5) Block 8 and 30 feet of the Couth (South) part of Lot Five (5) Block 8 all in Flowerree's Addition in the City of Center, Ralls County, Missouri."

It was then alleged in the petition that on January 4, 1907, George Rice and Betty Rice executed a deed of trust conveying said property

in trust to secure the payment of a certain promissory note of the same date, payable one year after date, for the principal sum of $360 at eight per cent interest compounded annually; that shortly after the execution of said note and deed of trust George Rice became physically unable to earn a livelihood for himself and family, then consisting of himself, his wife, Bruce Rice then six years old, Roy Rice fourteen years old, and plaintiff who was then sixteen years old, all of whom occupied the described property as their residence, and none owning any other real estate; that plaintiff, by necessity, and at the request of his parents, became at the age of sixteen the actual head of the family, and by self-sacrifice and long hours of work managed to provide the necessities for the family and to avoid the sale of said property under said deed of trust by making payments on the note which was secured by said deed of trust; that in December, 1918, George Rice died, and his wife, Betty Rice, became the legal owner of said property, subject to the lien of said deed of trust; that after the death of George Rice plaintiff continued to make payments toward the purchase of said note, paid the costs of George Rice's burial, and continued to contribute the remainder of his earnings to the support and maintenance of his mother, Betty Rice, and his younger brother, Bruce Rice, who continued to occupy said property as their domicile; that finally plaintiff paid the full amount of said promissory note, which was duly assigned, for value received, to plaintiff, and he became and is now the owner and legal holder of said note.

Plaintiff, in his petition, further alleged that in the year 1927 he left the State of Missouri and established his domicile in and became a resident of the State of Oklahoma, and has been a resident of said state continuously to the date of the filing of his petition herein (March 29, 1947), and that plaintiff's mother, Betty Rice, continued in the possession of said property until September 15, 1944, when, by deed of that date, she conveyed the legal title to said property to her son Bruce Rice, plaintiff's younger brother; that on October 1, 1945, Bruce Rice and his wife conveyed the legal title to said property to defendant Joseph T. Hughes; that during all the time since January 4, 1907, said deed of trust has been and is now a lien of record upon said property and notice of an unreleased equitable title thereto; that plaintiff has no adequate remedy at law; that no part of said indebtedness has been paid by Betty Rice, Bruce Rice, or Joseph T. Hughes, or anyone for them, and that the whole amount thereof, evidenced by said promissory note, is unpaid.

Plaintiff prayed the court to determine the amount equitably due plaintiff, and to declare such amount a special lien on said property, and to order said property sold and the proceeds of such sale to be applied to the payment of plaintiff's lien thereon.

Defendant filed an answer admitting certain of the allegations of plaintiff's petition but denying each and every allegation contained

in the other paragraphs thereof. The answer admitted "that there appears of record that on the 4th day of January, 1907, George and Betty Rice executed a deed of trust on the property described in said plaintiff's petition to secure the payment of a certain promissory note therein described in the principal sum of $360, due one year after date," as alleged in plaintiff's petition, and then averred that said note has long since and for many years been barred by the statutes of limitations of Missouri, Section 1013, Revised Statutes Missouri 1939, and Section 1017, Revised Statutes Missouri 1939.

On the same day that defendant filed his answer he also filed a motion to dismiss plaintiff's petition, as amended, in which motion he alleged that plaintiff's petition failed to state a cause of action; that upon its face the petition shows that the purported deed of trust has been barred for many years by Act of the General Assembly of Missouri, approved March 31, 1921, now Section 1017, Revised Statutes Missouri 1939, through lapse of more than twenty years from the date of maturity of the note described in said deed of trust, and through failure of the owner of said note, or some person for him, to file an affidavit duly verified, or to file an instrument in writing acknowledged as deeds are required to be acknowledged in order to entitle them to record in this state, showing the amount due and owing thereon; and that defendant was not and is not the maker of or privy to the note and deed of trust pleaded in plaintiff's petition, and is liable in no manner thereon.

No evidence whatsoever was introduced in the case. However, at the time defendant's said motion to dismiss was taken under submission by the court on May 21, 1947, plaintiff stated in open court, that plaintiff did not execute or file and record on the deed records of Ralls County, Missouri, the affidavit required by Section 1017, Revised Statutes Missouri 1939, and that said fact may be considered by the court in passing on said motion to dismiss. The court sustained defendant's motion to dismiss and plaintiff declined to plead further, whereupon the court entered final judgment in favor of defendant, dismissing plaintiff's cause of action. Plaintiff duly appealed.

Plaintiff-appellant contends that Sections 1013 and 1017, *supra*, are statutes of repose affecting only the remedy specifically designated by said sections, and are not statutes extinguishing the debt.

Plaintiff further contends that this action is not within the purview of the provisions of either Section 1013 or 1017, pleaded by defendant, and that the deed of trust in question, unreleased of record, was notice to defendant of an unsatisfied equity. Section 1013, *supra*, pleaded by defendant, is a part of the general limitations article governing personal actions. It is contained in Article 9, Revised Statutes Missouri 1939, Mo. Revised Statutes Annotated, Article 9. It pro-

vides what actions shall be commenced within ten·years after the cause of action shall have accrued. Said Section 1013 provides:

"Within ten years: First, an action upon any writing, whether sealed or unsealed, for the payment of money or property; second, actions brought on any covenant of warranty contained in any deed of conveyance of land shall be brought within ten years next after there shall have been a final decision against the title of the covenantor in such deed, and actions on any covenant of seizin contained in any such deed shall be brought within ten years after the cause of such action shall accrue; third, actions for relief, not· herein otherwise provided for."

Section 1017, supra, also is a part of Article 9, supra, and is a lengthy and complicated section. For clarity, we set forth here only the parts thereof that are applicable to the facts pleaded of record in the case at bar, as follows:

"No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, to secure any obligation to pay money or property, shall be had or maintained after such obliga-- tion has been barred by the statutes of limitation of this state; nor in any event after the lapse of twenty years from the date at which the last maturing· obligation secured by the instrument sought to be foreclosed is due on the face of such instrument, . . . unless before the lapse of said twenty years the owner of the debt thereby secured or some person for him shall file an affidavit duly verified, or file an instrument in writing·acknowledged as deeds are required to be acknowledged in order to entitle them to record in this state, showing the amount due and owing thereon."

Plaintiff cites and quotes at length from Stock v. Schloman, 322 Mo. 1209, 18 S. W. 2d 428, to support his argument that Sections 1013 and 1017 are statutes of repose affecting only the remedy and are not statutes extinguishing the debt. There can be no question that said case and the other cases cited by plaintiff on this point do hold that said statutes are statutes of repose which affect the remedy only, but, even so, we do not see how that helps plaintiff in this case in any manner. Defendant does not claim they are other than statutes of repose. Plaintiff's argument would be proper and effective if defendant herein were seeking affirmative relief of some kind under said statutes. However, defendant does not seek by his answer or motion to dismiss to use said Sections 1013 and 1017 in any manner except as a defense in bar of plaintiff's alleged cause of action.

If defendant were seeking affirmative action, as, for example, to have the deed of trust canceled of record because of the running of the time in the statutes referred to, it would then be appropriate for plaintiff herein to contend that such statutes are statutes·of repose and do not operate to extinguish either the debt represented

by the note or the lien of the deed of trust in question. But we do not have such a situation in the case at bar. In this case defendant merely relies upon Sections 1013 and 1017, supra, as statutes of repose which present a bar to plaintiff's cause of action without any affirmative relief being sought by defendant.

Sections 1013 and 1017, supra, are not claimed by defendant to be other than statutes of limitation which constitute a bar to any and all suits, actions or proceedings to foreclose any mortgage or deed of trust after the lapse of the time mentioned in said statutes, unless certain things specifically named in Section 1017, supra, which we have heretofore set forth, are done as provided for in said section.

Plaintiff's petition does not allege that he did any of the things required by Section 1017, supra. On the contrary, the record herein shows that plaintiff in open court stated that he did not execute or file and record on the deed records of Ralls County the affidavit required by Section 1017, supra, to prevent the bar of said statute. Hence there is nothing to prevent the application of the bar of said statute in this case.

Plaintiff prays that a lien on the property be declared by the court, when, as a matter of fact, he already has a lien thereon, but the difficulty is that such lien is not now *enforceable,* because *enforcement* is barred by Section 1017, supra—a period of much more than twenty years having elapsed from the time of the maturity of the note secured by the deed of trust.

As was held by the Supreme Court in Stock v. Schloman, 322 Mo. 1209, 1217, 18 S. W. (2d) 428, 432, there is a distinction between a lien and an *enforceable* lien. In said case the court held that statutes of limitations, that is, statutes which simply preclude the bringing of an action to enforce rights and do not confer title by adverse possession or the like, are construed not to operate to discharge debts or to destroy property rights, but that they affect only the remedy.

In the case at bar defendant is not seeking to destroy property rights, nor to acquire title, nor to do anything other than to defend against plaintiff's alleged cause of action by setting up the bar of the statutes of limitations. Defendant asks no affirmative relief whatsoever. Hence, although plaintiff cites Stock v. Schloman, supra, as authority in support of his contention, we think it supports the action taken by the trial court, as does the case of Milby v. Murphy, Mo. App., 121 S. W. (2d) 169, also cited (erroneously, we think) by plaintiff.

We have carefully examined plaintiff's petition and find no facts pleaded therein that would justify a holding that equitable principles of any kind should prevail in this case as against the clear and positive law set forth in the statutes of limitation. Furthermore, it is a well settled principle and maxim of equity that: ''Equity follows the law,'' and it has been held specifically by our Supreme Court that

statutes of limitation apply alike to legal and equitable actions. Ludwig v. Scott, Mo. Sup., 65 S. W. (2d) 1034.

The fact that plaintiff designates this action as a ''proceeding in equity'' does not render inapplicable the statutes of limitation relied on by defendant. Although plaintiff does not allege in specific terms that he seeks to foreclose the deed of trust, he nevertheless asks to have the property sold under the lien of said instrument and the proceeds of such sale applied to the payment of said lien, which is the same result that would be reached by a foreclosure. The limitation statutes are as clearly applicable to this action as they would be if plaintiff had prayed for a foreclosure. Changing the name of the action does not affect the law applicable to the facts pleaded in the petition.

Plaintiff has not pleaded in his petition facts to justify any other conclusion than that reached by the trial court. We find no error in the action of the trial court and its judgment should be affirmed. It is so ordered. *Anderson* and *Hughes, JJ.,* concur.