OEHLER et al. v. PHILPOTT et al.

No. 43684.

Supreme Court of Missouri.

Division No. 1.

Dec. 14, 1953.

Paul J. Kaveney and Joyce Pueser, St. Louis, for defendants-appellants Frank R. Philpott and Clifford A. Falzone.

A. G. Schumacher, Clayton, for respondent.

LOZIER, Commissioner.

■ Defendants-appellants' appeal to this court was transferred to the St. Louis Court of Appeals for lack of appellate jurisdiction. 253 S.W.2d 179. After reversing and remanding, that court returned the cause for a re-examination of existing law. Art. V, Sec. 10, Const., 1 RSMo 1949, p. 63, 2 V.A.M.S.; Supreme Court Rule 2.06, 42 V.A.M.S.; Mo.App., 255 S.W.2d 90. We determine the case the same as on original appeal.

Plaintiffs-respondents' action was one to enjoin the sale of their real estate under a power of sale in a deed of trust executed by them on March 5, 1932. The deed secured plaintiffs-respondents' $600 principal note, payable on March 5, 1935, and several interest notes payable either before or on that same date. It was conceded that no payments were made upon the notes and that there was no agreement extending or renewing any of the notes beyond March 5, 1935.

On August 30, 1951, defendant-appellant Philpott caused to be filed in the recorder's office an affidavit wherein the deed of trust and the notes were described and an amount was stated to be still due and owing to Philpott as the owner and holder of the notes. (The sufficiency of the affidavit is not in issue. See Milby v. Murphy, Mo. App., 121 S.W.2d 169, 170, 171[4]; Murphy v. Milby, 344 Mo. 1080, 130 S.W.2d 518, 519[2, 3]. In Rice v. Hughes, 240 Mo.App. 35, 208 S.W.2d 821, and Utz v. Dormann, 328 Mo. 258, 39 S.W.2d 1053, the affidavit was not filed.) Thereafter, defendant-appellant Falzone, the trustee in the deed of trust, instituted the foreclosure proceedings which the trial court enjoined prior to the published sale date.

As stated by the court of appeals, "the only issue upon this appeal is whether the filing of" the affidavit, after the obligation of the notes themselves was barred but within twenty years after the maturity date of the notes, has "the effect of permitting the lawful exercise of the power of sale * * *." 255 S.W.2d 90, 91. The trial court ruled that issue in plaintiffs-respondents' favor. The court of appeals was inclined to approve the trial court's ruling but reversed in the belief that this court had ruled to the contrary in Carwood Realty Co. v. Gangol, 232 S.W.2d 399. Art. V, Sec. 2, Const., 1 RSMo 1949, p. 62, 2 V.A.M.S.

■ The statute involved is Sec. 516.-150 (section numbers refer both to RSMo 1949 and V.A.M.S., unless otherwise indicated). As stated by the court of appeals: "The common law rule required that a mortgage be foreclosed within twenty years or its enforcement was barred. The fact that the note was barred by the ten year statute [now Sec. 516.110] did not prohibit foreclosure under that rule. * * * In 1891, the legislature enacted the original statute of what is now Section 516.150. This act was substantially the same as the first clause of the present section." 255 S.W.2d 91–92[1]. In recognition of the common-law rule, Sec. 2 of the 1891 act, 1891 Laws, p. 184, expressly permitted foreclosure, within two years thereafter, of priorly executed instruments securing notes the obligations of which were barred under Sec. 1. See Hubbard v. Dahlke, 277 Mo. 516, 210 S.W. 652.

■ Section 1 of the 1891 act changed the common-law rule allowing foreclosure within 20 years, even though an action upon the notes was barred. Section 1 was: "No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation

has been barred by the statutes of limitations of this state." The purpose of that section was "to make the mortgage and note run concurrently, and when the note was barred the right to foreclose the mortgage was likewise barred." Alewel v. Johnson, 212 Mo.App. 211, 253 S.W. 161, 162[1].

In 1921, 1921 Laws, Reg. Sess., pp. 202, 203, a semicolon was substituted for the period after the first clause of Sec. 1320, RSMo 1919 (now Sec. 516.150) and there was added, after the semicolon, the provisions upon which defendants-appellants rely. The section now reads: "No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statutes of limitation of this state; *nor in any event* after the lapse of twenty years from the date at which the last maturing obligation secured by the instrument sought to be foreclosed is due on the face of such instrument * * * *unless* before the lapse of said twenty years the owner of the debt thereby secured or some person for him shall file an affidavit duly verified, or file an instrument in writing acknowledged as deeds are required to be acknowledged in order to entitle them to record in this state, showing the amount due and owing thereon." (Our italics.)

██ Thus, the first clause of Sec. 516.-150 unequivocally prohibits foreclosure of an instrument at any time *after* the obligation which it secured has been barred by the general statutes of limitation. In other words, the right to foreclose any instrument securing a note expires when another statute of limitation bars recovery upon the note itself. Instant defendants-appellants concede that the first clause, standing alone, would deprive them of their rights to foreclose the deed of trust in the proceedings enjoined by the trial court. This, because the right to enforce the obligation of the notes secured by the deed was barred by the 10 year statute applicable to actions upon writings for the payment of money. Sec. 516.110.

██ Then, after the semicolon, is: "*nor in any event* after the lapse of twenty years from the date" of the last maturing obligation secured as shown by the instrument "*unless*" the affidavit is filed within such 20 year period. This language cannot refer to foreclosure of instruments securing notes upon which recovery is barred; foreclosure of such instruments is expressly, completely and finally covered in the first clause. We agree with plaintiffs-respondents that "the only event that could happen to extend the time of foreclosure to 20 years is that the note is kept alive during this 20 year period and the time could be further extended past the special 20 year limitation by filing of record the statutory affidavit if the note is not barred." We cannot construe the statute other than as a definite prohibition against the foreclosure, by any "suit, action or proceeding under power of sale", of any mortgage or deed of trust securing notes *not barred* under the first clause after 20 years (after the date of the last-due note, as shown by the instrument itself) "*unless*" the affidavit is filed before the lapse of said 20 years. Sec. 516.150 does not prescribe different limitations for foreclosure of instruments securing barred notes and instruments securing notes not barred. No foreclosure can be had of an instrument securing a barred note *at any time* after action on the note is barred. Conversely, the owner and holder of a note *apparently* (but not actually, for some reason such as acknowledgment, extension agreement or payments) barred, under Sec. 516.110 and the first clause of Sec. 516.150, still has the right of either maintaining an action on the note or of foreclosing the securing instrument. We believe that the purpose of the several provisions of Sec. 516.150 was: Not to vest in the owner and holder of a barred note the right to foreclose within 20 years, but to make the filing of the affidavit a condition precedent to the exercise of either of the alternate rights of the

owner and holder of a note barred on the face of the recorded instrument but not barred in fact.

It follows that the court of appeals properly construed Sec. 516.150 when it said: "We are of the opinion that the amendment of 1921 was for the purpose of establishing a definite period of limitation within which mortgages and deeds of trust could be enforced, the date of expiration thereof being ascertainable from an examination of the record. In order to prevent injustice the legislature provided a method whereby the owner of a note, if the obligation was unpaid and he desired to continue the lien, could file the affidavit as to the amount still due and unpaid thereon. We find nothing in the amendment, however, that would indicate any intent to change the clear and explicit terms of the first clause which provides that there can be no foreclosure if the obligation is barred by limitation. In other words, it is our view that the statute provides two separate and distinct bars to the foreclosure of a mortgage or deed of trust, (1) foreclosure is prohibited if the statutes of limitation have run against the obligation; and (2) even though the note is not barred, the lapse of twenty years from the date the obligation becomes due, as appears upon the face of the mortgage, will bar foreclosure unless, before the expiration of said period, an affidavit is filed for record showing the amount due upon the obligation." 255 S.W.2d loc. cit. 93.

Turning now to our decisions. The notes in three cases (in two of which were sustained foreclosures made in compliance with the provisions of Sec. 516.150, and in another in which was affirmed the trial court's refusal to enjoin a threatened sale under power of sale) were not barred by the 10 year statute because of payments thereon. Murphy v. Milby, 344 Mo. 1080, 130 S.W.2d 518, see Milby v. Murphy, Mo.App.,

121 S.W.2d 169, 170; Ste. Genevieve County v. Heberlie, 351 Mo. 70, 171 S.W.2d 667, and 668[2]; Coleman v. Trueblood, 351 Mo. 188, 172 S.W.2d 863. In the Coleman case there was also an express agreement extending the obligation of the note.

In Carwood Realty Co. v. Gangol, Mo., 232 S.W.2d 399 (wherein the foreclosure was held valid), it was stipulated both that the note was expressly extended by endorsements thereon and also that certain payments had been credited thereon. The company, successor in title to the maker of the note and the grantor in the deed of trust foreclosed, contended that the 10 year statute was not tolled because the payments had been made by "volunteers." This court said that, "aside from any questions concerning extensions of the obligation, Coleman v. Trueblood, 351 Mo. 188, 172 S.W.2d 863, the statute was complied with [by filing the affidavit] and the foreclosure was not void. Murphy v. Milby, 344 Mo. 1080, 130 S.W.2d 518." 232 S.W.2d 401–402[4]. Ste. Genevieve County v. Heberlie, 351 Mo. 70, 171 S.W. 2d 667, was also cited. Observing again that the notes in all three of those cases were not barred by the 10 year statute, we do not believe that the court intended to announce a rule that an instrument securing a note barred by the 10 year statute could be foreclosed under the 20 year provisions of Sec. 516.150.

The judgment of the trial court is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by LOZIER C., is adopted as the opinion of the court.

All concur.